**UNITED STATES of America**

v.

**Harvey Edward WITHERSPOON.**

**Crim. A. No. 21859.**

United States District Court
D. Maryland,
Nov. 12, 1958.

298

Leon H. A. Pierson, U. S. Atty., John R. Hargrove, Asst. U. S. Atty., Baltimore, Md., for plaintiff.

Herbert H. Hubbard, Baltimore, Md., for defendant.

CHESNUT, District Judge.

The defendant in this case on February 12, 1958 has filed a petition to vacate, under title 28, U.S.C.A. § 2255, the sentence imposed upon him on April 21, 1950 by the then Chief Judge William C. Coleman, who resigned in 1955 after 28 years of active judicial service in this court.

After a plea of guilty the sentence was imposed by Judge Coleman for imprisonment for four and one-half years on an indictment charging violation of the Harrison Narcotics Act, 26 U.S.C.A. §§ 2550 et seq., 3220 et seq. After the plea was filed, the record shows that Judge Coleman held an extended hearing with respect to the nature and circumstances of the offense, including an opportunity given to the defendant to speak in his defense, at which time the defendant,

while denying much of the circumstances of the charge against him, did not deny that he had made a sale of narcotics.

In execution of the sentence the defendant was first taken to the United States Hospital at Lexington, Kentucky, a special institution for the care of narcotic addicts, and after treatment there for about two years he was transferred to the United States Penitentiary at Atlanta, Georgia, and after three years service of the four and one-half years sentence he was "conditionally" released and returned to the City of Washington, D. C., where shortly thereafter in 1954 he was indicted for a subsequent offense against the Narcotics Act and sentenced by a District Judge to imprisonment for a term of two to six years on each of three charges sentences cumulative, thus possibly involving imprisonment for eighteen years. Shortly thereafter the government filed a detainer with the Warden of the prison at Lorton, Virginia, where the defendant was then confined, with respect to the unexpired portion of the original sentence of four and one-half years imposed in this court in 1950. On February 12, 1958 the defendant filed a motion to vacate judgment and sentence imposed by this court, under 28 U.S.C.A. § 2255. This petition was submitted to me for consideration as Judge Coleman had previously retired from office. And the first inquiry that I made was to learn why the original sentence of four and one-half years had not long since expired. It then developed by further information from the defendant by correspondence, that he was then serving the eighteen year sentence at Lorton, Virginia, on another charge after his conditional release from confinement under the 1950 sentence in this court; and that his special reason for moving to vacate the 1950 sentence was his anticipated fear that the detainer filed would be a detriment to his possible release on parole from imprisonment under the 18 years' sentence.

In his petition for vacation of the four and one-half year sentence he alleged that when he pleaded guilty in this court

in 1950 he was not represented by counsel and that he was not expressly informed at the time that he was entitled to have counsel and that if personally unable.to employ counsel the court would appoint counsel to represent him without expense to him. He also alleged that his plea of guilty had been induced by statements made to him by agents of the Narcotics Division, by whom he had been arrested, in effect that he had better plead guilty and if so he would receive a sentence of not more than one year at Lexington, Kentucky.

After consideration of the petition and later amendments thereto by the defendant, I passed an order dated June 2, 1958 calling on the United States Attorney to show cause why the defendant's petition should not be granted or a hearing held thereon. After the filing of the answer to the show cause order, a hearing has now been held on October 17, 1958 at which time the defendant was brought into court on an order of habeas corpus ad testificandum, and I appointed Mr. Herbert H. Hubbard, an experienced attorney (for some years an Assistant United States Attorney for this District), to represent him. As a result of the hearing and argument I have concluded that the motion to vacate the judgment should be and is hereby *denied*.

█ At the hearing the defendant first gave testimony to the effect that he was unaware of his right to have counsel appointed for him without expense to himself; that he had been improperly induced to plead guilty and that he had not in fact sold narcotics. The two Narcotics Division Agents who, acting as undercover agents were assigned to inquire into alleged sales of narcotics at the Andrews Air Force Base in Maryland, testified circumstantially and in detail to a sale of heroin made by the defendant on January 11, 1950 to one of the Agents, and the sale by one of the defendant's associates, Harris, of marihuana to the other Narcotics Agent at the suggestion of the defendant. Both of these witnesses also categorically denied that they had made any statements of

any kind to the defendant with respect to the entry of his plea of guilty. I find as a fact that no such improper inducing statements were made by any one to the defendant and the testimony proved beyond any reasonable doubt that the sale of heroin had in fact been made by the defendant.

█ The only other point worthy of consideration is the contention of the defendant that at the time of his arraignment and plea of guilty he should have been expressly informed that he was entitled to have counsel appointed without expense to him. The record of the case shows affirmatively that when arraigned he was asked if he was familiar with the charge against him and asked whether he had or wished counsel, to which he answered "No". The commitment signed by Judge Coleman at the time recites that, "On this 21st day of April, 1950 came the attorney for the Government and the defendant appeared in person and without counsel; the Court advised the defendant of his right to counsel and asked him whether he desired to have counsel appointed by the Court and the defendant thereupon stated that he waived the right to the assistance of counsel". I have had the transcript of the proceedings written up by the official court reporter in Judge Coleman's court at that time, Mr. Ray Farrell. I do not note that the recital in the commitment seems to have been stenographically reported; but such a recital was not contrary to current practice where a defendant on arraignment waives appointment of counsel. Mr. C. Ross McKenrick, the Assistant United States Attorney who prosecuted the case has since died and the clerk of the court who made the original notations in court at the time of the arraignment when Judge Coleman presided, retired some years ago.

The record further shows that after the defendant was arrested in Washington on March 16, 1950 he was promptly taken before the United States Commissioner for removal proceedings and given a hearing at which time he was advised by the United States Commissioner of

his right to have counsel; and that while he was awaiting trial in Baltimore the then Assistant United States Attorney, Mr. McKenrick, by letter inquired whether the defendant would be represented by counsel and would he or not plead guilty; to which the defendant replied that he did not have counsel and he would plead guilty. The arraignment and plea thereafter occurred on April 21, 1950.

The only point that needs any comment is the contention of the defendant that the sentence should be vacated because it does not affirmatively appear from the stenographic transcript of the arraignment proceedings that the defendant had been expressly advised before pleading guilty that he was entitled to have counsel appointed by the court without expense to him and that as a fact he was not expressly so advised. I conclude that under all the circumstances this particular point is without merit. It appeared from the evidence at the hearing on the defendant's motion that he was interviewed by Agent Pappas of the Narcotics Division with regard to the extent and possible treatment for drug addiction, at which time he gave a written signed statement that he had had no prior arrest for narcotics, but that he had had three prior convictions in the District of Columbia Courts for other criminal offenses on which he had received sentences of 15 months, 4 years and 9 months respectively.

In connection with this the defendant at the hearing when asked, stated that on all three occasions he had had counsel appointed for him by the trial judge in the District of Columbia. From all this I think it quite clearly appears that the defendant was sufficiently aware that he was entitled to have counsel appointed by the court if he desired it, and that he voluntarily and intelligently waived the appointment of counsel because he was well aware that he was guilty of the charge.

In this connection it may be well to note what has been the practice in this court with respect to arraignments of defendants in the past. I cannot recall any time in which a defendant arraigned in a criminal case in this court was not entitled to have counsel appointed for him if he was unable to provide counsel for himself and wished to be represented by counsel; but prior to 1938 it was not the practice of the clerk of the court to make the record expressly show that a defendant appearing for arraignment without counsel was asked if he desired to have counsel and if not, that he waived the appointment of counsel. After the Supreme Court decided in Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 in 1938, that in federal criminal cases the defendant was entitled to the assistance of counsel, I instructed the Clerk of the Court to affirmatively note on the record of the case that on the arraignment a defendant without counsel waived the appointment of counsel when he did not want an attorney, and since then the record has, I understand, uniformly showed that fact affirmatively. I believe that in 1949 after the adoption of the federal rules of criminal procedure the Administrative Office of the United States Courts prepared and sent to the clerks of the courts a printed form of commitment substantially like that containing the recitals above mentioned. And in more recent years the procedure on arraignment includes an affirmative statement by the clerk to the defendant that if he wishes counsel and is unable to obtain counsel, the court will appoint counsel without expense to him. And at the present time I believe it is the general practice of all the Judges of the Court by particular inquiry of the defendant himself to ascertain that the defendant was intelligently, voluntarily and without prior improper inducement, pleading guilty without counsel. See also the statement of the practice of this court in 1949 as appears in the case of United States v. Bice, D.C., 84 F.Supp. 290, affirmed 4 Cir., 177 F.2d 843.

■ The defendant's present petition is filed under 28 U.S.C.A. § 2255. Strictly speaking, that section by its particular wording is not applicable to the present situation because the defendant is

not now in custody under the sentence of this court but only under sentence of the District Court of the District of Columbia, and is imprisoned at Lorton, Virginia, and therefore not in the District of Maryland. And, of course, under the circumstances the remedy of habeas corpus is not available to the defendant. McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238. Nor do I think the defendant would be entitled to any relief if his present petition could properly be considered as having been filed under the so-called "all writs statute" as explained in the recent Supreme Court case of United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248. The defendant has delayed making this application for eight years after the sentence was imposed, and for four years after he was notified that a federal detainer has been placed against him, after beginning his sentence of eighteen years imposed in the District of Columbia. The proceedings on the hearing given the petitioner in this court on October 17, 1958 were stenographically recorded by the official court reporter and can be transcribed if necessary.

For all these reasons the petition is *dismissed* this 12th day of November, 1958. The Clerk is instructed to inform the petitioner of this order denying his petition.