Albert STEWART, Appellant,

v.

W. Frank SMYTH, Jr., Superintendent of
the Virginia State Penitentiary,
Appellee.

No. 8294.

United States Court of Appeals
Fourth Circuit.

Argued March 29, 1961.

Decided April 5, 1961.

Marc Jacobson, Norfolk, Va., for appellant.

Reno S. Harp, III, Asst. Atty. Gen. of Virginia (A. S. Harrison, Jr., Atty. Gen. of Virginia, on the brief), for appellee.

Before SOBELOFF, Chief Judge, and HAYNSWORTH and BOREMAN, Circuit Judges.

PER CURIAM.

Albert Stewart, a prisoner of the State of Virginia, appeals from an order of the United States District Court for the Eastern District of Virginia, denying his petition for a writ of habeas corpus and remanding him to the custody of the Superintendent of the Virginia State Penitentiary.

In January 1941, Stewart was convicted, on his plea of guilty, in the Hustings Court for the City of Roanoke, Virginia, of housebreaking and was sentenced to serve two years in the Virginia State Penitentiary. In the same court, in December 1946, he was again convicted of housebreaking on his plea of guilty and was sentenced to serve one year in the Virginia State Penitentiary. In neither case did the sentencing order recite that Stewart was represented by counsel.

In October 1952, in the same court, Stewart was convicted on two charges of breaking and entering, and in November 1952, in the Circuit Court of Rockbridge County, Virginia, he was again convicted of housebreaking. Under the recidivist statute of the State of Virginia, Stewart received an additional ten year sentence as a third time offender.

The District Court held a hearing on August 8, 1960, on Stewart's habeas corpus petition, at which hearing Stewart refused to testify. He attacks the validity of the 1941 and 1946 convictions which form a part of the basis for his

recidivist conviction as a third time offender, alleging that he was not represented by counsel on either occasion but he *refused to substantiate these allegations by his own testimony.*

Stewart contends that the failure of the judgment orders of conviction in 1941 and 1946 to disclose that he was represented by counsel establishes that he was without such representation, in violation of his constitutional rights. But there was then no requirement that such orders indicate representation by counsel or otherwise. As we said in Bradley v. Smyth, 4 Cir., 255 F.2d 45, 47: "The records of that court [the court of conviction and sentence] should receive our great respect and proper deference, but being silent on the subject of our concern, they do not necessarily foreclose our further inquiry."

In a habeas corpus proceeding, the burden is on the petitioner to show by a preponderance of the evidence that his present detention is unlawful. United States ex rel. Jackson v. Brady, 4 Cir., 1943, 133 F.2d 476, certiorari denied 319 U.S. 746, 63 S.Ct. 1029, 87 L.Ed. 1702. He cannot merely allege that he is illegally detained and, without more, require his custodian to prove the legality of his confinement. It is his burden "to allege and prove primary facts, not inferences, that show, notwithstanding the strong presumption of constitutional regularity in state judicial proceedings, that in his prosecution the state so departed from constitutional requirements as to justify a federal court's intervention to protect the rights of the accused." Darr v. Burford, 1950, 339 U.S. 200, 218, 70 S.Ct. 587, 597, 94 L.Ed. 761.

Prior to the hearing, depositions of witnesses were taken in Roanoke and Richmond to refute Stewart's allegations and to support the state's assertion that Stewart was, in fact, represented by counsel. From this testimony and exhibits therewith, the District Court found conclusory evidence of the fact that Stewart was represented by counsel in the proceedings in 1941 and 1946. Upon a review of this evidence, we cannot say that the findings of the District Court were clearly erroneous. Moreover, Stewart's failure to testify in support of the allegation of lack of representation by counsel supports the strong inference that he feared possible dire consequences should he so testify falsely and that he hopefully entertained a doubt as to the state's ability to prove such representation. Clearly, as found by the District Court, Stewart failed to carry the required burden of proof.

Affirmed.