**Willie REDD, Petitioner,**

v.

**C. C. PEYTON, Superintendent of the Virginia State Penitentiary, Respondent.**

**Civ. A. No. 67–C–36–D.**

United States District Court
W. D. Virginia,
Danville Division.

July 5, 1967.

Reno S. Harp, III, Asst. Atty. Gen., Richmond, Va., for respondent in all cases.

No counsel for petitioners.

## OPINION and JUDGMENT

DALTON, Chief Judge.

This case comes before the court upon a petition for a writ of habeas corpus by Willie Redd, a state prisoner, pursuant to the provisions of 28 U.S.C. § 2241 and is filed in forma pauperis. The case was ordered transferred to this court from the United States District Court for the Eastern District of Virginia on June 2, 1967.

Petitioner is currently serving a thirty-five (35) year sentence for murder pursuant to his conviction in the Circuit Court of Henry County on January 5, 1948.

Petitioner did not appeal his conviction. He subsequently filed a state habeas corpus petition which was denied by the Circuit Court of Henry County on July 18, 1966 after a plenary hearing. On April 21, 1967 the Supreme Court of Appeals of Virginia refused petitioner's writ of error.

Petitioner is properly before this court, having exhausted his presently available state remedies in compliance with 28 U.S.C. § 2254 as interpreted by Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

The record discloses the following facts:

Petitioner was indicted on January 5, 1948 for the murder of one Guy Brim. On that same day he was tried to the court without a jury and sentenced to a term of thirty-five years on a plea of guilty.

Petitioner had an attorney to represent him at trial and pleaded guilty on his attorney's advice.

The record reveals considerable dispute over the length of time petitioner's attorney had to prepare the case. Petitioner claims that he did not have the benefit of his attorney's service until the morning of the trial, thus leaving little time for counsel to prepare an effective defense.

The allegations which petitioner says entitle him to a writ of habeas corpus are as follows:

1. Petitioner was coerced into making a plea of guilty.

2. Petitioner was the victim of racial oppression at trial.

3. Petitioner was not effectively represented by counsel.

■ The court having closely examined the record finds no evidence of either coercion of petitioner's plea of guilty or racial oppression by the court. The only support petitioner has for either of these claims lies in his bare allegations of these facts in his petition for state habeas corpus relief. No other evidence of any kind that would buttress petitioner's claims is revealed by the record. It is well settled that the petitioner in a habeas corpus proceeding has the burden of proving by a preponderance of the evidence the alleged violations of his constitutional rights. Post v. Boles, 332 F.2d 738 (4th Cir. 1964); Stewart v. Smyth, 288 F.2d 362 (4th Cir. 1961); United States ex rel. Jackson v. Brady, 133 F.2d 476 (4th Cir. 1943). In *Stewart* the court said:

> He cannot merely allege that he is illegally detained and, without more, require his custodian to prove the legality of his confinement. It is his burden "to allege and prove primary facts, not inferences, that show, notwithstanding the strong presumption of constitutional regularity in state judicial proceedings, that in his prosecution the state so departed from constitutional requirements as to justify a federal court's intervention to protect the rights of the accused." 288 F.2d at 363.

■ The court finds that the petitioner has failed to meet this burden on either point where the only evidence he submitted to support these contentions were his mere allegations that his constitutional rights were violated.

Petitioner also alleges that he was denied effective assistance of counsel because he did not obtain counsel until the morning of the trial. He claims that the alleged short period of 35–40 minutes between the time he obtained counsel and the trial was insufficient for petitioner to be adequately represented. He contends that he could not have a fair trial having obtained counsel and having been indicted, tried, convicted and sentenced all on the same day. He testified at the state habeas corpus hearing that after he secured counsel allegedly shortly before trial they did not discuss the case and that his attorney told petitioner he could either plead guilty and be sentenced to thirty-five years or plead not guilty and be sentenced from sixty years to life. He also testified that he told his attorney that he had witnesses to call but that his attorney said he did not have time to discuss the case with them. He further claims he asked his attorney to put the case off, which he alleges his attorney said he could not do.

■ It is clear that the length of time petitioner's attorney has to prepare for trial is not of itself sufficient to show petitioner was inadequately represented. To establish that a person has been inadequately represented he must show that his attorney made a farce of the trial. As stated in Root v. Cunningham, 344 F.2d 1, 3 (4th Cir. 1965), "Ordinarily, one is deprived of effective assistance of counsel only in those extreme instances where the representation is so transparently inadequate as to make a farce of the trial."

In United States ex rel. Thompson v. Nierstheimer, 166 F.2d 87 (7th Cir. 1948) the Court of Appeals for the Seventh Circuit found petitioner was not denied due process under similar circumstances. In that case petitioner had counsel appointed to represent him, was indicted, arraigned, tried and convicted also all in one day. Petitioner sought habeas corpus relief on the grounds that the expeditiousness of the trial denied him due process in that his counsel allegedly did not make any independent investigation, subpoena any witnesses nor ask for a continuance as requested by petitioner. Petitioner's attorney was officially appointed on the day of his indictment and conviction but he had discussed petitioner's case with petitioner on two previous days. His attorney denied that petitioner asked him to obtain a continuance to make an investigation or to locate any witnesses and that peti-

tioner ever gave him the names of any witnesses. The court found that a farce was not made of the trial because it was expeditious and that it did not deny petitioner due process. The court said:

No standard length of time must elapse before a defendant in a capital case should go to trial. Each case, and the facts and circumstances surrounding it, provides its own yardstick. There must not be a mere sham proceeding or idle ceremony of going through the motions of a trial. Powell v. State of Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158, * * * Moore et al. v. Dempsey, 261 U.S. 86, 43 S.Ct. 265, 67 L.Ed. 543. However, courts do not deny due process just because they act expeditiously. * * * If no witnesses are suggested or information furnished that would possibly lead to some material evidence or witnesses, the mere failure to delay in order to investigate would not be, in and of itself, a denial of due process. 166 F.2d at 88.

In another very similar case, Peyton v. Fields, 207 Va. 40, 147 S.E.2d 762 (1966) the Supreme Court of Appeals of Virginia denied petitioner habeas corpus relief where he claimed he had inadequate representation of counsel because his court-appointed attorney discussed the case only with the Commonwealth's Attorney, because only 15–30 minutes elapsed between the time counsel was appointed and the time he was sentenced, and because the only conference petitioner had with his counsel was just before the trial. The court found that these facts alone "did not show that the representation afforded defendant was so transparently inadequate as to make a farce of the trial." The evidence had shown that at the time of the trial the petitioner understood the charges against him, that he did not know of any witness whose testimony would support him, that he understood his rights to jury trial, that he was ready for trial and that there was no defense available to petitioner.

In the present case the testimony at the state habeas corpus hearing of petitioner's trial attorney and the Commonwealth's Attorney at petitioner's trial conflicts considerably with the testimony of petitioner and his witnesses at the same hearing. Petitioner's attorney testified that he would never have advised petitioner that he could be sentenced from sixty years to life since the statutory limits were from twenty years to death. He also testified that he discussed petitioner's case with him on occasions prior to the morning of the trial. He said, "I'm quite sure I must have conferred with him (petitioner) on occasions. * * * I'm quite sure he told me what the case was about and that we had a discussion about it. * * * I do know that I came to see Willie Redd on two or more occasions." Petitioner's attorney stated that he always asked his clients about witnesses and that he fully investigated every case before he advised his clients. He testified that if petitioner told him of any witnesses, he would have checked them out and examined their statements in the Commonwealth's Attorney's files as he customarily did. It is clear from the record that there were statements of witnesses on file with the Commonwealth's Attorney at the time of the trial for petitioner's attorney to examine and that his preparation for the trial went beyond mere discussions of the case on the morning of the trial. The record also shows that there were nine witnesses summoned at trial who petitioner's attorney could have checked. Petitioner's attorney's failure to ask for a continuance was clearly done in the light of the considered evidence against petitioner. Nowhere in the record has petitioner proven that the expeditiousness of the trial caused him to be inadequately represented by counsel. Expeditiousness of the trial alone is not sufficient to establish ineffective representation. Petitioner's counsel at the date of the trial had had sixteen years experience in criminal work and was well versed in trial techniques. Petitioner cannot sustain his burden where his allegations are clearly

contradicted by sound testimony to the contrary. Before petitioner may obtain habeas corpus relief here he must prove by a preponderance of the evidence that the representation was so transparently inadequate as to make a farce of the trial. This he has not done.

Therefore, it is adjudged and ordered that the petition for habeas corpus be dismissed and the writ denied.