**Thomas B. TURNER, Petitioner-Appellant,**

v.

**C. Murray HENDERSON, Warden, Tennessee State Penitentiary, Respondent-Appellee.**

No. 17523.

United States Court of Appeals Sixth Circuit.

Dec. 27, 1967.

J. Bradbury Reed, Nashville, Tenn. (Court Appointed), for appellant.

David W. McMackin, Asst. Atty. Gen., Nashville, Tenn., George F. McCanless, Atty. Gen., and Reporter, State of Tennessee, Nashville, Tenn., of counsel, for appellee.

Before WEICK, Chief Judge, and PHILLIPS and COMBS, Circuit Judges.

PER CURIAM.

This is an appeal from an order of the District Court denying, after an evidentiary hearing, Turner's petition for a writ of habeas corpus.

Turner is presently serving a seventy-five years' sentence imposed in the state court upon his plea of guilty to an indictment charging him with first degree murder of his wife and an assault with intent to commit murder of a young Marine who was dating his stepdaughter. He shot his wife five times with a revolver and also shot the Marine, who recovered.

Turner was represented in the state court by three Memphis lawyers whom he and his family retained. They applied to the Court for a psychiatric examination, which was granted. Turner was transferred to Gaylor Psychiatric Hospital in Memphis. The examination disclosed that although Turner was emotionally unstable, he was not psychotic; that he knew the difference between right and wrong; and that he was able to co-operate with his counsel in connection with his defense.

Turner's attorneys were concerned over the possible outcome of the case if it were tried, as it might result in a guilty verdict and the imposition of the death penalty. The report of Gaylor Psychiatric Hospital was damaging to a defense of insanity. Turner did not dispute the shootings. Counsel for Turner discussed the possibility of a guilty plea with the District Attorney General, who was willing to recommend to the court imposition of a seventy-five years' sentence. This was fully explained to Turner, who decided to plead guilty rather than take a chance on a trial by jury which might result in the death penalty. His rights were fully explained to him before he entered the plea, and his plea of guilty was voluntary.

The District Judge determined that Turner had failed to sustain his contentions by proof that he was of unsound

**126**

mind and could not co-operate with his counsel.

It is contended here that Turner had been addicted to drugs; that while he was confined in jail drugs were administered regularly to him, without the knowledge of his counsel; and that he could not effectively co-operate with them. They did know that some drugs were administered, but the proof does not show the kind and amount, or that they produced any noticeable effect on defendant when he conferred with his counsel and appeared in court.

In our opinion the findings of fact of the District Judge are not clearly erroneous.

Appreciation is expressed to J. Brad Reed, of Nashville, Tennessee, for the service which he rendered as appointed counsel in this appeal.

Affirmed.