Judson BROADUS–BEY, #101–059

v.

UNITED STATES of America

Civ. No. 16843.

United States District Court
D. Maryland.

July 16, 1968.

Sol Zalel Rosen, Washington, D. C., for petitioner.

Stephen H. Sachs, U. S. Atty., and Paul M. Rosenberg, Asst. U. S. Atty., Baltimore, Md., for defendant.

THOMSEN, Chief Judge.

Judson Broadus-Bey, formerly known as Judson Broadus, has filed a petition under 28 U.S.C.A. § 2255, prepared with the advice of counsel, which the Fourth Circuit has held should be treated as a writ of error coram nobis, attacking the validity of his conviction and sentence in this Court in 1950, for violation of the narcotics laws. In his petition Broadus alleges that he was mentally incompetent to waive counsel and to plead guilty because he was a youth and a drug addict at the time.

Broadus, who was then twenty-six years old, was arraigned before Chief Judge Coleman of this Court on April 25, 1950, under an indictment charging violation of the narcotics laws. He entered a plea of guilty and was sentenced to a term of four-and-a-half years. He was sent to Lexington, and was released on parole after having served a part of his sentence.

In 1954 he was charged with another violation of the narcotics laws, this time in the District of Columbia. Represented by an attorney, he entered a guilty plea, was sentenced as a second offender to a term of two to seven years, and was again sent to Lexington.

While in Lexington Broadus filed a petition under 28 U.S.C.A. § 2255 in the District of Columbia, which was denied. He then filed a petition for a writ of habeas corpus in the Eastern District of Kentucky, attacking his 1954 conviction and sentence. Relief was denied by the District Court and the decision was affirmed on appeal, with a full opinion. Broadus v. Lowry, 245 F.2d 304 (6 Cir. 1957). One of the grounds unsuccessfully relied on by Broadus in that case was a claim that he was mentally incompetent at the time of his arraignment and sentence in the District of Columbia. The Sixth Circuit likewise found no merit in his contention that he was deprived

of his constitutional rights because his attorney had advised him to enter a plea of guilty and admitted to the District Court in the presence of Broadus that Broadus had been convicted in the District of Maryland in 1950.

Broadus did not contend in the District of Kentucky or in the Sixth Circuit that he was mentally incompetent at the time he pleaded guilty in the District of Maryland, nor did he make any other attack on his conviction in this District, although, as noted above, he did contend that he was mentally incompetent at the time he entered his plea in the District of Columbia.

Thereafter, in December 1957, Broadus filed a petition for a writ of error coram nobis in this Court, contending that his conviction and sentence in this Court in 1950 were invalid because he was deprived of his right to counsel. Relief was denied because it appeared from the original judgment and commitment that the Court had advised the defendant of his right to counsel and had asked him whether he desired to have counsel appointed by the Court, and that the defendant thereupon stated that he waived the right to the assistance of counsel. No appeal was taken from the order of this Court denying relief.

In a companion case, involving one of the other defendants (Witherspoon), arraigned at the same time as Broadus, Judge Chesnut was furnished a transcript of the proceedings before Judge Coleman in 1950. It appears that the same questions were asked Witherspoon that were asked Broadus, namely, "Have you a lawyer?" and "Do you wish one?", to both of which Witherspoon, like Broadus, replied "No." It was argued to Judge Chesnut that Witherspoon's sentence should be vacated because it did not affirmatively appear from the stenographic transcript of the arraignment proceedings that the defendant had been expressly advised before pleading guilty that he was entitled to have counsel appointed by the Court without expense to him and that he was not expressly so advised. Judge Chesnut concluded that

Witherspoon knew of his right to have counsel appointed and that under the circumstances the point was without merit. United States v. Witherspoon, 167 F. Supp. 297, 300 (D.C.1958). The Fourth Circuit affirmed Judge Chesnut's opinion, Witherspoon v. United States, 264 F.2d 480 (4 Cir. 1959). Judge Northrop denied a subsequent petition by Witherspoon for the same reason, Civil No. 19470, May 7, 1968.

After Broadus had been released from confinement under his 1954 District of Columbia commitment, he was again charged with violation of the narcotics laws in the District of Columbia. He was found guilty on February 26, 1964, and was sentenced to a term of 10 years as a second offender, *based upon the 1954 District of Columbia conviction.* Broadus-Bey and his counsel concede that his 1950 conviction in Maryland does not affect his present incarceration.

Other cases in D.C. against Broadus were pending when he filed his second petition in this Court in 1965. That petition was denied by this Court as repetitious, but on appeal the Fourth Circuit said:

"Judson Broadus-Bey seeks to appeal in forma pauperis the denial of his petition which we treat as a writ of error coram nobis. The petition questions the validity of a 1950 narcotics violation which, although the sentence has been served, subjects him to greater punishment should he be convicted on a presently pending narcotics prosecution. His petition alleges that he was mentally incompetent to waive counsel and plead guilty because he was a youth and a drug addict at the time.

"An earlier petition had alleged denial of the benefit of counsel. This was dismissed on the basis of the records of the case which contained a recitation that he was advised by the court of his right to counsel and that he waived the right. The present petition was dismissed as repetitious.

"We think this disposition was erroneous. The petition raises an issue

not present when the earlier petition was summarily dismissed. The facts of this case are nearly identical to those in Sanders v. United States, 373 U.S. 1 [83 S.Ct. 1068, 10 L.Ed.2d 148], where it was held that an evidentiary hearing should have been granted because the prior application was not fully adjudicated on the merits and the second application was predicated on facts outside the record.

"Leave to proceed in forma pauperis is granted. The case is remanded for further proceedings for the petitioner to establish, if he can, his incapacity to waive counsel in the 1950 trial. This disposition does not preclude the government from seeking to prove that failure to assert incompetency at the time of the first petition has resulted in an abuse of the remedy."

Pursuant to the mandate of the Fourth Circuit this Court has held two hearings, at both of which Broadus-Bey, as he now calls himself, was represented by counsel of his own choosing.

Petitioner presses two points:

(1) that he was mentally incompetent to waive counsel and to plead guilty at the time of his arraignment in 1950;

(2) that he was denied his right to counsel in that he was not advised of his right to have counsel appointed for him.

The government denies both charges, and seeks dismissal on the ground that the case is moot. The government also contends that petitioner's failure to raise the first point in his first petition filed herein in 1957 amounted to an abuse of the remedy and a waiver of that point.

Testimony was taken from Dr. William N. Fitzpatrick, a psychiatrist, William Heiss, an administrative assistant at the Baltimore City Jail, Harold Lougherie, a former Deputy United States Marshal, and Broadus-Bey.

■ (1) Competency to Waive Counsel and Enter Plea. Broadus contends that he was under the influence of narcotics when he was arraigned and entered his plea. He testified that within ten days prior to his arraignment, while in custody, some morphine was administered to him by jail officials as a result of some illness. No medical records could be found by the jail authorities to substantiate this claim and it is contradicted by his statement at his arraignment on April 21, 1950. He was asked when he last had narcotics and replied March 14, the day of his arrest, more than five weeks before the arraignment. Based on all credible evidence and the applicable authorities, this Court finds that Broadus was not under the influence of narcotics at the time of his arraignment. See Edwards v. United States, 103 U.S.App.D.C. 152, 256 F.2d 707, 708, at fn. 2 (1958); Turner v. Henderson, 387 F.2d 125 (6 Cir. 1967); and Green v. United States, 127 U.S.App.D.C. 272, 383 F.2d 199 (1967).

■ Recent Supreme Court cases indicate that the present petition is not moot, but there is merit in the government's second contention that Broadus waived the incompetency point by not raising it in his first coram nobis petition, which was filed in this Court in December 1957. Broadus must have known of his rights at that time, because in the habeas corpus petition which he had theretofore filed in the Eastern District of Kentucky he attacked his first District of Columbia conviction on the grounds of mental incompetency.

(2) Right to Counsel. Petitioner was arraigned at the same time as his three codefendants, all of whom entered pleas of guilty, and one of whom, at least, had had previous convictions. When petitioner was arraigned, the transcript shows:

"MR. McKENRICK [the Assistant United States Attorney]: No. 21,860, Judson Broadus.

"THE CLERK: Judson Broadus? Is that your name?

"DEFENDANT BROADUS: Yes.

"THE CLERK: Do you have a lawyer?

"DEFENDANT BROADUS: No, sir.

"THE CLERK: Do you wish one?

"DEFENDANT BROADUS: No, sir.

"THE CLERK: Do you know what you are charged with?

"DEFENDANT BROADUS: Yes, sir.

"THE CLERK: How do you plead to this indictment, guilty or not guilty?

"DEFENDANT BROADUS: Guilty.

"THE CLERK: A plea of guilty."

Under the practice in this Court at that time, if petitioner had said that he wanted an attorney, and if further inquiry developed that he did not have the money to pay an attorney, the Court would have appointed an attorney for him to serve without compensation. United States v. Witherspoon, 167 F.Supp. 297 (D.Md.1958), aff'd, 264 F.2d 480 (4 Cir. 1959), cert. den., 359 U.S. 1005, 79 S.Ct. 1146, 3 L.Ed.2d 1034 (1959).

■ The burden is on Broadus-Bey to show that he did not competently and intelligently waive his right to counsel. See Johnson v. Zerbst, 304 U.S. 458, 468–469, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); Starks v. United States, 264 F.2d 797, 799 (4 Cir. 1959); Stewart v. Smyth, 288 F.2d 362 (4 Cir. 1961); Post v. Boles, 332 F.2d 738 (4 Cir. 1964); United States v. Smith, 337 F.2d 49, 55 (4 Cir. 1964); Townes v. United States, 371 F.2d 930, 933 (4 Cir. 1966); Witherspoon v. United States, Civil No. 19470 (D.Md., filed May 7, 1968). See also Carnley v. Cochran, 369 U.S. 506, 82 S. Ct. 884, 8 L.Ed.2d 70 (1962); United States ex rel. Ackerman v. Russell, 388 F.2d 21 (3 Cir. 1968). In Starks v. United States the Fourth Circuit said:

"So long as the inquiry suggested by the decisions in Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, and Von Moltke v. Gillies, 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309, is not meticulously made by the District Court, or, if made, is not made a part of the record in the case, such contentions as that now made, however groundless, will continue to demand the time and energies of the courts. The fact that the inquiry of the defendant as to his understanding of his constitutional rights prior to his plea is not so searching as is desirable, however, does not always invalidate the proceeding. The defendant who seeks relief under § 2255 must still bear the burden of showing that he did not understand his constitutional rights. The fact that the written record, itself, does not contain an emphatic and direct answer to a claim that the court's explanation was insufficient opens the door to subsequent collateral attack, but it does not necessarily mean that such collateral attack must be successful. We are entitled to look at the entire record, the nature of the charge, the defendant's circumstances, his experience in court proceedings, and other relevant matters, and, if it then clearly appears, even without a hearing, that the defendant did not lack understanding of his constitutional rights, the petition should be denied." 264 F.2d at 799–800.

In this case Broadus was not specifically advised that counsel would be appointed for him if he was financially unable to employ counsel, but he was asked: "Do you wish a lawyer?" He replied: "No, sir." This case therefore falls in an intermediate zone.

It is important to note that at the hearing on his present petition Broadus-Bey failed to prove that at the time of his arraignment he was financially unable to employ counsel if he had so desired. He testified that he was a cosmetics salesman in 1950, that he worked on a percentage basis, and that, depending on sales, he might earn $100 a week. Moreover, Broadus had not previously been convicted of any offense; but he was jointly indicted with other men, one of whom knew of the right to have counsel appointed by the Court; they all entered pleas of guilty; they must have discussed the matter among themselves; Broadus does not deny that he was guilty; and the commitment to

Lexington which was the result of his plea was probably the best chance he had to break the habit. Broadus is not a credible witness and his present testimony that he was not financially able to employ counsel and that he did not know of his right to have counsel appointed for him if he was indigent carries little weight.

The Maryland conviction is not responsible for the sentence Broadus is now serving, since his first District of Columbia conviction was the conviction which was used to make his recent conviction a second offense. His present attorney stated to this Court that he wanted to strike out the Maryland conviction because it was used to make the first District of Columbia conviction a second offense, and he wants to sue the government for damages for imprisonment under a sentence based upon the Maryland conviction as the prior offense.

The Court concludes that Broadus has not shown that he did not waive his right to have counsel appointed for him.