**Henry F. HOUSMAN, Petitioner,**

v.

**C. C. PEYTON, Superintendent, Virginia State Penitentiary, Respondent.**

**Civ. A. No. 67-C-62-R.**

United States District Court
W. D. Virginia,
Roanoke Division.

July 31, 1968.

Gerald L. Baliles, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION AND JUDGMENT

DALTON, Chief Judge.

This case comes before this court on a petition for a writ of habeas corpus filed by Henry F. Housman, a state prisoner, pursuant to 28 U.S.C. § 2241. The petition is filed *in forma pauperis*.

Petitioner is now serving a term of fifteen years pursuant to a judgment of the Circuit Court of Franklin County on October 9, 1958, when the petitioner was convicted of breaking and entering and was sentenced to three years each on five different charges. The sentence was imposed when the petitioner, after consultation with his court appointed counsel, entered a plea of guilty.

Petitioner filed a petition for a writ of habeas corpus in the Circuit Court of Franklin County on March 27, 1967. A plenary hearing was held on the petition on November 8, 1967, which ended with the Circuit Court denying the writ and dismissing the petition. An appeal was taken to the Supreme Court of Appeals and on April 24, 1968, the writ of error was denied. Thus having exhausted all available state remedies in compliance with 28 U.S.C. § 2254, as interpreted by Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), we think that the case is properly before this court.

The petitioner's single claim to this court is that he received ineffective representation by his court appointed attorney and thus was deprived of the assistance of counsel as guaranteed by the Constitution. Specifically he alleges that his counsel was appointed a short time before trial and that the only consultation that took place was in the courtroom immediately before the trial. Following this interview, the petitioner entered a plea of guilty to five counts of breaking and entering.

In the record before this court there is an order appointing counsel to assist petitioner; this order is dated October 9, 1958, the date of the trial. The Circuit Court, in the plenary hearing, on November 8, 1967, stated that it was a practice to date such orders with the same date as the trial, but usually the counsel had been appointed and was functioning prior to the trial date. However the Court noted that the date of appointment was an open question to be determined by the evidence offered at the plenary hearing. The testimony offered at the plenary hearing is in conflict. The court appointed counsel testified that he had been functioning in behalf of the petitioner sometime before the trial, although he could not specifically remember what length of time. The attorney did testify that he remembered talking to the sheriff and perhaps another officer concerning a voluntary statement that petitioner had given to the officers. The counsel further testified that he was sure that he talked to another attorney who represented a co-defendant arising out of the same charges; and that he was also sure that he had interviewed petitioner concerning the voluntary statement. This testimony was corroborated in part by the testimony of a police officer who testified that he remembered the court appointed counsel talking to the Sheriff and himself about the petitioner's voluntary statement. The police officer testified that this occurred several days prior to the trial, but he was not sure of how many days. We think the testimony is understandably vague since over nine years have passed since the events occurred.

Petitioner testified during the state habeas corpus hearing as follows.

Q. What did your attorney not do that you thought he should have done?

A. What did he do? One thing I got just a little too much time.

Q. Think you got too much time? Outside of that you were satisfied with the sentence?

A. Yes, sir.

Q. Did you have any witness at all?

A. No, sir.

* * * * * *

Q. Well, the record seems to indicate that you entered a plea of guilty after consulting with your attorney. Did you feel that it was better to plead guilty than it was to plead not guilty?

A. Yes, sir.

Q. You knew, I guess, that if you entered a guilty plea that you didn't have a jury, didn't you?

A. Sir?

Q. Did you know that when you entered a guilty plea, the only question was how much time you were going to get. Did you know that?

A. Yes, sir.

Q. You don't know whether your attorney talked to anyone but you about your case do you?

A. That is right.

Q. Do you know that he did?

A. I don't know.

Q. You don't know whether he did or not, is that right? And he could have talked to the officers that investigated the crime?

A. Yes, sir.

Q. Did you give a statement which implicated you in all of the five cases?

A. Yes, sir.

* * * * * *

Q. Were there other men involved in these same crimes?

A. Yes, sir, seven of us.

Q. Were they tried before you or afterwards?

A. All tried at the same time.

Q. All were tried at the same time? Did they have other attorneys?

A. Yes, sir. They had hired lawyers.

Q. Hired lawyers.

A. Yes, sir.

Q. Did they receive the same punishment?

A. No, sir.

Q. Why was that?

A. I don't know. Some got, they got three years on the same charges like that, but one of the guys didn't get as much time.

Q. What I mean, you said there were seven, were they all charged with the same crime.

A. No, sir. Two others was five charges, some had two, three and one.

Q. I see. With the exception of one of the seven, they all got the same thing that you did.

A. Yes, sir.

Thus as we understand petitioner's claim, it is in substance that he received too much time to serve and that this was the result of ineffective assistance of counsel. The above testimony reveals that it was not a matter of guilt or innocence, but that his attorney should have taken some action to have had a lighter sentence imposed. Petitioner in no way alleges that his trial was not a fair one in the sense that his statement was not voluntary or that his plea of guilty was not entirely voluntary.

 We accept the state court's finding that petitioner's counsel was appointed and functioning at least two to three days before the trial as being substantiated by the testimony of the court appointed counsel at the state habeas corpus hearing, which testimony was corroborated in part by a police officer. In view of this we do not think that petitioner's claim, which is in effect a

complaint about the length of sentence he received, amounts to a denial of the constitutional right concerning the assistance of counsel. Thus this court is without jurisdiction in this matter. Under 28 U.S.C.A. § 2241(c) (3), a writ of habeas corpus may issue out of this court only if the petitioner is held in violation of the Constitution, or laws or treaties of the United States. There is no such showing in this case. The length of time that an attorney has to prepare for trial is not of itself sufficient to show inadequate representation by counsel. Redd v. Peyton, 270 F.Supp. 757 (W.D.Va.1967). "Ordinarily, one is deprived of effective assistance of counsel only in those extreme instances where the representation is so transparently inadequate as to make a farce of the trial." Root v. Cunningham, 344 F. 2d 1, 3 (4th Cir.1965) cert. denied 382 U.S. 866, 86 S.Ct. 135, 15 L.Ed.2d 104 (1965). Now is there a denial of due process because the court acts expeditiously. If no witnesses or information is furnished that would possibly lead to some material evidence or witnesses, the mere failure to delay in order to investigate would not be, in itself, a denial of due process. United States ex rel. Thompson v. Nierstheimer, 166 F.2d 87 (7th Cir.1948) cert. denied Thompson v. Nierstheimer, 334 U.S. 850, 68 S.Ct. 1503, 92 L.Ed. 1773 (1947). Thus from the facts presented, including the testimony of the petitioner, there is no proof that the expeditiousness of the trial caused petitioner to be ineffectively represented by counsel. Petitioner testified that he had no witnesses to present and that a continuance would have been merely to plea for less time. Before petitioner may obtain habeas corpus relief he must prove by the preponderance of evidence that the representation was so transparently inadequate as to make a farce of the trial. Redd v. Peyton, 270 F.Supp. 757 (D.C., 1967). This we think the petitioner had failed to do.

For the reasons stated above, the petitioner has failed to convince this court that he is entitled to any relief because of his claim. It is therefore adjudged and ordered that the petition for habeas corpus be dismissed and the writ denied.

A certified copy of this opinion and judgment is directed to be sent to the petitioner and to the respondent.