Thomas Lewis WILBORN, Petitioner,

v.

C. C. PEYTON, Superintendent, Virginia
State Penitentiary, Respondent.

Civ. A. No. 68–C–35–D.

United States District Court
W. D. Virginia,
Danville Division.

Aug. 16, 1968.

Gerald L. Baliles, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION and JUDGMENT

DALTON, Chief Judge.

This case comes before this court upon a petition for a writ of habeas corpus, filed by Thomas Lewis Wilborn, a state prisoner, pursuant to 28 U.S.C. § 2241. The case was ordered transferred to this court from the United States District Court for the Eastern District of Virginia on June 27, 1968.

Petitioner is currently serving a term of five years in the Virginia State Penitentiary pursuant to his conviction of breaking and entering in the Circuit Court of Halifax County on June 1, 1966. At his trial, the petitioner was represented by court-appointed counsel. The petitioner entered a plea of not guilty and was tried by a jury. No appeal was taken from his conviction.

A habeas corpus hearing was conducted by the Circuit Court of Halifax County on March 28, 1967, as a result of a petition by the prisoner. Petitioner was represented by court appointed counsel and was afforded an opportunity to present testimony in his own behalf. The writ was denied by the Circuit Court on March 28, 1967. Petitioner's writ of error to the Supreme Court of Appeals of Virginia was denied on December 4, 1967.

Petitioner now seeks a writ of habeas corpus from this court alleging many of the same errors that he raised in the state court hearing. The petition to this court consists of three pages of handwritten material that is of a confusing nature. In addition there are several letters that were written by the petitioner which are dated after the state court hearing but which are appended as a part of the record. From the foregoing mentioned sources, we have discerned the following to be those allegations that have any substance: (1) Insufficiency of evidence to support conviction and improper instructions to the jury; (2) Denial of bail while awaiting trial; (3) Denial of right to present witnesses in petitioner's own behalf; and (4) Ineffective representation by court-appointed counsel. Included in the allegation concerning the ineffective representation of counsel is an allegation to the effect that petitioner was denied the right to appeal his conviction as a result of ineffective representation. The foregoing represents what this court believes to be those claims that have been presented for decision and which have been properly presented to the state courts thus exhausting petitioner's remedies therein, in accordance with 28 U.S.C. § 2254. Before discussing the above claims, it is necessary to discuss two other allegations that petitioner presents in his petition. The first is that the record of the criminal trial is incomplete. This allegation was made at the state hearing, but a search of the state habeas corpus record does not reveal any evidence at all that the petitioner introduced to support this allegation. The burden of proof is upon the petitioner to prove his allegations. Redd v. Peyton, 270 F.Supp. 757 (W.D. Va.1967). Post v. Boles, 332 F.2d 738 (4th Cir.1964). Certainly when petitioner has offered no evidence whatsoever, he has failed to carry this burden. A second allegation is that petitioner was held "incommunicado" to force the giving of a confession. This claim has not previously been presented to the state courts, therefore, it is not properly before this court pursuant to 28 U.S.C. § 2254. However we note in passing that petitioner has stated in the petition itself that he made no confession. Thus, we fail to see on what basis the petitioner seeks relief. For these reasons, these allegations will not be discussed in this opinion.

We will now discuss those claims which this court believes are properly before it. As to petitioner's first claim, it is sufficient to say that

the sufficiency of the evidence and instructions to the jury are matters normally left to state law and procedure. Only in those cases where a constitutional right has been infringed upon does this court have jurisdiction to act. Habeas corpus is not a substitute for an appeal. Grundler v. State of North Carolina, 283 F.2d 798 (4th Cir.1960). There being no showing in the record before this court that a constitutional infringement has occurred, we find no merit in petitioner's first claim.

Petitioner's second claim is that his constitutional rights were violated by being denied the right to bail while awaiting trial. The record reveals that petitioner was arrested on April 6, 1966, pursuant to an arrest warrant charging him with breaking and entering. Bail was set at $5000 by a Justice of the Peace. When a friend appeared to post bond, he was refused apparently because the bail officer thought the friend was not in a sound financial condition. After this refusal, there was no further action either by the petitioner, who was aware that bail had been refused on the above grounds, or by the friend. Virginia statutes provide for an appeal when bail is refused or the amount of bail is excessive. Va.Code Ann. §§ 19.1–110—19.1–122 (Replc. Vol. 1960). Petitioner did not avail himself of his procedure, therefore he in effect waived his right to bail. It is only where a state engages in discriminatory or arbitrary administration of a bail system that gives rise to constitutional claim. Mastrian v. Hedman, 326 F.2d 708 (8th Cir.1964), cert. denied 376 U.S. 965, 84 S.Ct. 1128, 11 L.Ed.2d 982 (1964). This, in addition to the fact that petitioner is now being detained pursuant to his conviction rather than a refusal to grant bail, leads this court to the conclusion that this claim presents no grounds for which relief can be granted.

The third claim is that petitioner was denied the right to present witnesses in his own behalf. An examination of the state habeas corpus hearing reveals that the witnesses who petitioner requested were summoned and present at the trial but that certain witnesses were never called to the stand to testify. Petitioner's counsel testified that those witnesses were not called because they would have contributed nothing to the defense of the petitioner. Whatever the reason for not calling the witnesses to testify, the decision was for the judgment of counsel in his tactical conduct of the trial and did not deprive petitioner of a constitutional right which would entitle him to habeas corpus relief. Tompa v. Commonwealth of Virginia, 331 F.2d 552 (4th Cir.1964). Bolden v. United States, 105 U.S.App.D. C. 259, 266 F.2d 460 (1959). Thus we find no merit to petitioner's third claim.

The remaining claim of petitioner is that he was denied effective representation of counsel. The testimony at the state habeas corpus hearing reveals that counsel was appointed to represent the petitioner over a month before the trial date. The counsel testified that he represented the petitioner at a preliminary hearing and in light of the evidence against him advised the petitioner to plead guilty and throw himself upon the mercy of the court. Contrary to this advice, the petitioner elected to plead not guilty and be tried by a jury. After the trial had resulted in a conviction, the evidence is quite clear that petitioner wanted to perfect an appeal, although the court-appointed counsel advised him that no grounds existed for an appeal and that it would be foolish. The area of dispute concerns a letter addressed to the court-appointed counsel and signed by the petitioner which states that the petitioner had reconsidered the matter after the trial and no longer desired that an appeal be taken. The letter further instructed the court-appointed counsel to discontinue any efforts toward an appeal. The attorney testified that the letter was prepared after petitioner had requested that an appeal not be taken. The attorney further testified that he had explained the contents of the letter

to the petitioner and that petitioner had said that he understood. The petitioner testified at the state habeas corpus hearing that he did not know what he was signing. The letter is dated, and there is no dispute about it, within the allowable time in which to note an appeal. The counsel testified that he would have perfected an appeal, except for the request not to do so by the petitioner, even though no steps had been taken up to the date of the signing of the letter.

 Thus in this case we are not concerned with whether the petitioner had a right to appeal and what rights accompany the appeal procedure. We are, instead, concerned with whether the petitioner did or did not waive his right to appeal. The testimony offered at the state habeas corpus hearing clearly reveals that the petitioner wanted to appeal the case immediately after trial. This is supported by several witnesses, including the court-appointed counsel. Yet only the bare statement of the petitioner supports his allegation that he did not request that an appeal not be taken and that he did not know what he was signing when requesting the counsel to discontinue the appeal. No witness is presented to support this allegation. The petitioner's testimony is squarely met by the testimony of the court-appointed counsel that petitioner requested the discontinuance of any efforts towards an appeal. The petitioner cannot sustain his burden of proof where his allegations are clearly contradicted by sound testimony to the contrary. Redd v. Peyton, 270 F.Supp. 757 (W.D.Va. 1967). Before petitioner can obtain habeas corpus relief, he must prove by the preponderance of the evidence that he is entitled to relief. Petitioner claims that he did not understand the statement he signed. Yet his attorney testified that the petitioner had summoned him to request that no appeal be taken. The letter, which is relatively simple to understand, is recorded evidence to support this testimony. This court feels that the counsel, who had practiced law for over twenty five years, was probably guarding against just such a charge as is presented here today, by reducing the request to writing and having the petitioner sign it. Thus, we feel that petitioner is entitled to no relief based on his allegation of ineffective representation of counsel.

For the foregoing reasons the petitioner has failed to convince this court that he is in any way entitled to relief. It is therefore adjudged and ordered that the writ be denied and the petition dismissed.

A certified copy of this opinion and judgment is directed to be sent to the petitioner and to the respondent.