George M. DUNNIVAN, Petitioner,

v.

C. C. PEYTON, Superintendent, Virginia
State Penitentiary, Respondent.

Civ. A. No. 68–C–15–C.

United States District Court
W. D. Virginia,
Charlottesville Division.

Aug. 22, 1968.

174

Gerald L. Baliles, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION and JUDGMENT

DALTON, Chief Judge.

This case comes before this court on a petition for a writ of habeas corpus, filed by George M. Dunnivan, a state prisoner, pursuant to 28 U.S.C. § 2241 and it is filed *in forma pauperis*. The case was ordered transferred to this court by the United States District Court for the Eastern District of Virginia, on June 17, 1968.

Petitioner is currently serving a sentence in the Virginia State Penitentiary pursuant to a judgment of the Circuit Court of Albemarle County of April 8, 1963 wherein the petitioner was convicted for the crime of breaking and entering. He was sentenced to two years each on twelve indictments and one year on a conviction of grand larceny, which total twenty-five years. The convictions resulted after the petitioner, who was represented by court appointed counsel, entered pleas of guilty.

On October 6, 1967, a plenary hearing was held in the Circuit Court of Albemarle County as a result of a petition for a writ of habeas corpus filed by the petitioner. The petitioner was represented by court appointed counsel at this hearing. After hearing the evidence the Circuit Court denied the writ and dismissed the petition. An appeal was taken to the Virginia Supreme Court of Appeals which resulted in the petition being refused and the writ of error denied. Thus we believe that the petition is properly before this court in accordance with the provisions of 28 U.S.C. § 2254, as interpreted by Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

Petitioner claims that he received ineffective assistance of counsel, that he had no counsel at the preliminary hearing, that his confession was involuntary and that there was a "secret meeting" between his attorney, the Commonwealth's Attorney and the Judge, which petitioner was not permitted to attend.

The petitioner's first claim is that he received ineffective assistance of counsel because of a conflict of interest. The record reveals that the petitioner was apprehended by authorities in the State of Maryland, and was subsequently returned to Virginia by police authorities from Albemarle County. Petitioner's court appointed counsel was a United States Commissioner during this time. The counsel testified at the state habeas corpus hearing that when the Federal Bureau of Investigation receives information from local authorities that a suspect has fled the state to avoid prosecution, a complaint is sworn before a United States Commissioner who issues a "flight warrant" which allows the pursuit of the fugitive. Such a warrant was issued in this case by the court appointed attorney in his official capacity as United States Commissioner. The attorney further testified that once an arrest is made, the suspect is released to local authorities and the federal warrant is dismissed by appropriate order, which was done in this case. This situation was called to the attention of the trial judge when the court appointed the attorney to defend the petitioner. The trial judge determined that it was not improper. Petitioner was also aware of the situation.

In the recent case of Goodson v. Peyton, 351 F.2d 905 (4th Cir. 1965), Goodson, a Virginia State prisoner, attacked his escape conviction in the Circuit Court of Powhatan County on the ground that his court appointed counsel was the Commonwealth's Attorney for Cumberland County. The court found, among other things, that there was no conflict of interest in the case; that Goodson had been effectively represented, and that in light of the simplicity of the charge that he had suffered no prejudice from the representation of the

court appointed counsel. In following *Goodson*, supra, this court does not think that a conflict of interest exists in the factual situation in the present case. A United States Commissioner is not a state employee, and we think the issuance of the "flight warrant" was a perfunctory duty of the office executed, not because of any interest, but rather in the normal duties of office. No federal charges were brought against the petitioner. The court in Goodson v. Peyton, 351 F.2d 905, 907 (1965) said:

> The federal constitution guarantees to persons accused of crime in state courts the right to representation by a lawyer. The constitutionally protected right is not satisfied by formalisms; the right is to effective representation. That is not to say that every indigent defendant is entitled to the services of the most competent lawyer practicing in the area or to one whose judgment as exercised during the course of his representation may be said to have been superior when subjected to subsequent scrutiny. It does mean that the indigent defendant is entitled to a lawyer who can give to his client undivided loyalty and faithful service. A lawyer forced, or attempting, to serve masters with conflicting interest cannot give to either the loyalty each deserves.

We do not think that two masters exist in the present case. The court appointed attorney, unlike the Commonwealth's Attorney, in *Goodson*, owed no loyalty to the state. The federal warrant had been dismissed as a matter of routine once the petitioner was in the custody of the state authorities. We note that the court in the *Goodson* case warned that in the future a new rule may be invoked where public prosecutors are appointed counsel, " * * * [W]e think it may well be that the only workable rule of the future will be a *per se* one, in which it would be presumed that one involuntarily represented by a public prosecutor in a criminal trial has not had the fair trial to which he is constitutionally entitled." Goodson v. Peyton, 351 F.2d 905, 909 (4th Cir. 1965). We do not approve of a practice, as in the present case, that even gives rise to a possible conflict of interest. However, we do not think that the factual situation as presented reveals an actual conflict of interest or an unfairness warranting a retroactive application of the *per se* rule in the *Goodson* case, supra. Yates v. Peyton, 378 F.2d 57 (4th Cir. 1967). Hence we can grant no relief based upon this claim.

Petitioner's second claim is that he was not represented by counsel at his preliminary hearing. Petitioner testified that he entered a plea of not guilty by reason of insanity at the preliminary hearing. This is supported by reference to a local newspaper article. However we note that Virginia does not permit a plea to be entered at a preliminary hearing on a felony charge. Va.Code Ann. § 19.1–162 (Replc. Vol. 1960). We further note that the record shows that the petitioner entered pleas of guilty upon arraignment and trial. In Webb v. Commonwealth, 204 Va. 24, 129 S.E.2d 22 (1963), it was held that the requirement of a preliminary hearing (assuming no waiver) of one arrested on a charge of a felony is not jurisdictional and that its denial does not violate the "due process" and "equal protection" of the laws clause of the Fourteenth Amendment of the Constitution of the United States. Thus, if petitioner made no incriminating statements at the preliminary hearing, which he does not allege, no constitutional right has been violated even if he had requested the assistance of counsel. Timmons v. Peyton, 240 F.Supp. 749 (E.D.Va.1965); Vess v. Peyton, 352 F.2d 325 (4th Cir. 1965) cert. denied 383 U.S. 953, 86 S.Ct. 1215, 16 L.Ed.2d 214 (1966). Ward v. Peyton, 349 F.2d 359 (4th Cir. 1965). Thus we find no basis on which we can grant relief on this claim.

We find no merit to petitioner's claim that his confession was not voluntary. Petitioner testified that his confession was coerced by threats of imprisonment for his wife. The petitioner's wife had been arrested two days prior to petitioner and had during those two days

pointed out to police authorities the places in Albemarle and Greene Counties that were the scenes of the breaking and entering. A police officer, who transported the petitioner from Maryland to Virginia, testified that the petitioner, during the trip to Virginia, after being warned of his rights, spoke freely confessing to some ten of the twelve breakins. The petitioner does not rebut this testimony of the policy officer, but rather says that he does not remember such confessions. In addition the petitioner testified that he did not tell his attorney of this alleged coercion. It is well settled that in order to be granted habeas corpus relief, the petitioner must prove by a preponderance of the evidence that a constitutional right has been violated. Redd v. Peyton, 270 F.Supp. 757 (W.D. Va.1967). This, we think, petitioner has failed to do.

■ Petitioner's last allegation is that his attorney, the Commonwealth's Attorney and the judge "had a meeting in secret behind closed doors which I was not allowed to attend." The "secret meeting" is not described in any way by the petitioner, but we have examined the state habeas corpus hearing and have determined that the petitioner is referring to a pre-trial meeting held to determine whether the petitioner should be committed to a state hospital to determine his mental competence to stand trial. It was determined that the petitioner should not be committed. Generally the presence of the accused is not necessary at preliminary or formal proceedings or motions that do not affect guilt or innocence. We do not think that the absence of petitioner from this pre-trial conference violated any of petitioner's constitutional rights. See Commonwealth v. Scoleri, 399 Pa. 110, 160 A.2d 215 (1960), cert. denied 364 U.S. 849, 81 S.Ct. 93, 5 L.Ed.2d 72 (1960). The meeting had nothing to do with the guilt or innocence of the petitioner, but whether the petitioner should be committed to determine his mental competence to stand trial. In the claim before this court the petitioner does not allege that he was incompetent to stand

trial, nor can we find any evidence of such a claim in the record. The petitioner simply alleges that such a meeting was held. We do not think that this presents a basis for which relief can be granted.

For the foregoing reasons the petitioner has failed to convince this court that he is entitled to relief on any of his allegations. It is therefore adjudged and ordered that the petition be dismissed and the writ denied.