**Jimmie BLANKENSHIP, Petitioner,**

v.

**C. C. PEYTON, Superintendent, Virginia State Penitentiary, Respondent.**

**Civ. A. No. 68-C-118-A.**

United States District Court
W. D. Virginia,
Abingdon Division.

Jan. 2, 1969.

Reno S. Harp, III, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION and JUDGMENT

DALTON, Chief Judge.

This case comes before the court on a petition for a writ of habeas corpus, filed in forma pauperis by Jimmie Blankenship, a state prisoner, pursuant to 28 U.S.C.A. § 2241. The petition was filed on November 29, 1968.

The petitioner is currently being detained in the Virginia State Penitentiary pursuant to a judgment of the Circuit Court of Buchanan County of January 23, 1963, wherein the petitioner was convicted of the crime of robbery and sentenced to twenty-five years confinement. The conviction resulted from a trial in which the petitioner, represented by court appointed counsel, entered a plea of guilty to the court sitting without a jury.

On November 28, 1967, a plenary hearing was held in the Circuit Court of

Buchanan County as a result of a petition for a writ of habeas corpus filed by the petitioner in the state courts. After hearing the evidence, the Circuit Court, by order dated February 20, 1968, denied the writ and dismissed the petition. The order incorporated by reference a document setting forth the reasons for the decision entitled "Notes of Decision of this Court of January 19, 1968." An appeal to the Virginia Supreme Court of Appeals resulted in the writ being denied and the petition dismissed by order dated October 16, 1968. Having thus exhausted the state remedies in compliance with the provisions of 28 U.S.C.A. § 2254, as interpreted by Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), the petition is properly before this court.

■ The petitioner presents the following claims to this court for consideration: that he was illegally arrested in West Virginia and subsequently transported to Virginia without his consent or any extradition proceedings; that he was coerced into signing a confession; that he was denied effective representation of counsel; and, that he was denied the right to have counsel at his preliminary hearing. The petitioner, in addition to the foregoing, alleges violations of his constitutional rights in a general manner. A habeas corpus petition must allege facts, and mere conclusions of law, or opinion of the pleader will not suffice in raising an issue for the court's consideration. Marslin v. Schmucker, 89 F.2d 765 (4th Cir. 1937); Holland v. Boles, 269 F.Supp. 221 (N.D. W.Va.1967); Penn v. Smyth, 188 Va. 367, 49 S.E.2d 600 (1948); 39 C.J.S. Habeas Corpus § 80, at 627. Therefore, the court will consider only those averments that have been pleaded with particularity.

The facts are these. On November 13, 1962 the petitioner was taken into custody in Wyoming County, West Virginia, by Burl Rife, Sheriff of Buchanan County, Virginia, and Mastin Goff, a police officer of Buchanan County, accompanied by the Sheriff of Wyoming County, West Virginia. On November 12, 1962, a warrant had been issued in Buchanan County pertaining to the charges against the petitioner, but apparently the Virginia officers did not have said warrant in their possession. Burl Rife testified at the habeas corpus hearing that the Sheriff of Wyoming County made the arrest and that the petitioner was advised of the charges against him in Buchanan County. According to the testimony at the habeas corpus hearing, the petitioner was brought before a Justice of the Peace in Wyoming County and advised of his right to extradition proceedings, but after a telephone conversation with the Circuit Court Judge of Wyoming County, the petitioner waived extradition proceedings in writing and voluntarily accompanied the Virginia police officers across the state line into Grundy, Virginia. The petitioner claims he was tricked into returning to Virginia and that he did not waive extradition proceedings. The extradition papers were not introduced into evidence. There was testimony to the effect that a letter from the office of the prosecuting attorney of Wyoming County stated that there was no extradition papers in the office's file.

Upon being returned to Grundy, Virginia, the petitioner was lodged in the local jail. The grand jury indicted the petitioner on a charge of robbery on January 14, 1963. On the same day the court appointed I. M. Lambert and N. E. Persin to defend and represent the petitioner. The record reads that on January 23, 1963, the petitioner, after consultation with his court appointed counsel, entered a plea of guilty to the charges. After hearing evidence the court found the petitioner guilty. Having taken the matter of sentencing under advisement, the court on January 25, 1968, the petitioner being present and represented by counsel, fixed the punishment at twenty-five years confinement in the penitentiary. Other pertinent facts will be set forth throughout the remainder of this opinion.

The petitioner's first contention is that his conviction should be voided because he was removed from West Virginia without an extradition proceeding, and he did not waive extradition. Petitioner claims that he was "tricked" into coming across the state line into Virginia. The state has offered convincing evidence by way of testimony that the petitioner waived extradition proceedings or at least accompanied the Virginia police officers voluntarily. However, the court finds it unnecessary to unravel the testimony. In Frisbie v. Collins, 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541 (1952) the United States Supreme Court held in a habeas corpus case, where the petitioner alleged that he had been forcibly seized, handcuffed, blackjacked and removed from Illinois to Michigan by Michigan police officers against his will and all in violation of the Due Process Clause and the Federal Kidnapping Act, that:

> This Court has never departed from the rule announced in Ker v. Illinois, 119 U.S. 436, 444, [7 S.Ct. 225, 30 L. Ed. 421] that the power of a court to try a person for crime is not impaired by the fact that he had been brought within the court's jurisdiction by reason of a "forcible abduction." No persuasive reasons are now presented to justify overruling this line of cases. They rest on the sound basis that due process of law is satisfied when one present in court is convicted of crime after having been fairly apprized of the charges against him and after a fair trial in accordance with constitutional procedural safeguards. There is nothing in the Constitution that requires a court to permit a guilty person rightfully convicted to escape justice because he was brought to trial against his will. Frisbie v. Collins, 342 U.S. 519, 522, 72 S.Ct. 509, 511 (1952).

The court continues in the *Frisbie* case to say that even if the act of the officers would have violated the Federal Kidnapping Act, that does not prevent the state from prosecuting persons wrongfully brought before it. Thus assuming, but not intimating that it is so, that the Virginia officers were acting wrongfully in returning the petitioner to Virginia, there nevertheless is no constitutional right violated which would enable this court to give relief. Thus we find no grounds upon which to give relief based upon this contention.

Petitioner next contends that he was coerced into signing a written confession. Petitioner alleges that he signed the confession after threats of bodily harm were made and before he was allowed to consult with a lawyer. The petitioner testified at the habeas corpus hearing that he had not read the confession nor did he, even at the time of the habeas corpus hearing, know what was contained in the written statement that he signed. The signed confession is part of the record before this court. Burl Rife, whose name appears on the confession as a witness, testified that no threats or promises were made to the petitioner to induce him to sign a confession. Donald A. McGlothlin, who was the Commonwealth Attorney for Buchanan County during the occurrences herein involved, testified that he wrote the confession from a statement of facts related to him by the petitioner. McGlothlin further testified that the confession was read to the petitioner and the petitioner then read it and signed it in the presence of other officers. McGlothlin testified that the petitioner was warned of his rights, that the petitioner did not request an attorney and that the petitioner was aware that an accomplice had already confessed when the petitioner signed the confession. It is well settled that, in order to be granted relief upon a habeas corpus petition, the petitioner must prove by a preponderance of the evidence that he is entitled to such relief. This burden cannot be carried when the petitioner's allegations are contradicted by sound testimony to the contrary. Redd v. Peyton, 270 F.Supp. 757 (W.D.Va.1967). We think the peti-

tioner has clearly failed to carry this burden and thus we can grant no relief based on this claim.

In addition to the above the court also notes that the petitioner entered a plea of guilty to the charges. Mr. McGlothlin, the Commonwealth Attorney, testified that he did not think that the confession was introduced into evidence since the plea of guilty had been entered. Mr. Persin, one of the petitioner's court appointed attorneys, testified that after a discussion with the Commonwealth Attorney the Commonwealth Attorney was willing to recommend a sentence of forty years on a plea of guilty. This information was relayed to the petitioner who said, according to Mr. Persin, that "he would like to enter a plea of guilty, if Mr. McGlothlin would recommend as low as 25 years." A plea of guilty was entered, and a sentence of twenty-five years imposed. Another charge against the petitioner has never been prosecuted. The petitioner testified that he discussed a possible plea of guilty and that the Commonwealth Attorney had agreed to recommend twenty-five years, rather than the initial forty, if the petitioner pleaded guilty. This, in addition to the record reading that the court was of the opinion that the petitioner was aware of the consequences of such plea, leads this court to the inevitable conclusion that the plea was entered voluntarily and with knowledge. Thus the petitioner's conviction rests upon his plea of guilty and not upon a confession that appears never to have been introduced into evidence.

Petitioner's next contention is that he was denied effective representation of counsel. Petitioner contends that he asked his attorneys to contact two witnesses, Edna Allen and the petitioner's mother, who would testify as to where the petitioner was on the night of the robbery. Mr. Persin, one of the court appointed attorneys, flatly denied that petitioner had ever stated that he had any witnesses or requested any witnesses.

The petitioner testified at the habeas corpus hearing that he requested the court appointed attorneys to ask for a continuance, that the attorneys spoke to him only once before the trial, that he complained to them about the method of obtaining the confession and that he complained of the way that he was brought from West Virginia to Virginia. Mr. Persin testified that at least three visits were made to see the petitioner while he was in jail, that the petitioner never complained of the method in which the confession was obtained, nor of the trip from West Virginia to Virginia. Mr. Persin further testified that the petitioner was advised of his constitutional rights as a citizen of the United States and the State of Virginia; that several meetings were conducted with the Commonwealth Attorney to examine the confession and discuss the case; and, that on the third visit to see the petitioner, after certain admissions, a course of action to be followed in the Circuit Court was decided upon. "Ordinarily, one is deprived of effective assistance of counsel only in those extreme instances where the representation is so transparently inadequate as to make a farce of the trial." Root v. Cunningham, 344 F.2d 1, 3 (4th Cir. 1965) cert. denied 382 U.S. 866, 86 S.Ct. 135, 15 L. Ed.2d 104 (1965). Before petitioner may obtain habeas corpus relief he must prove by a preponderance of the evidence that the representation was so transparently inadequate as to make a farce of the trial. Redd v. Peyton, 270 F.Supp. 757 (W.D.Va.1967). Petitioner's testimony, having been squarely met and contradicted, fails to meet the necessary burden of proof.

Petitioner's last contention is that he was denied the assistance of counsel at his preliminary hearing. In Webb v. Commonwealth, 204 Va. 24, 129 S.E.2d 22 (1963), it was held that the requirement of a preliminary hearing of one arrested on a charge of a felony is not jurisdictional and that its denial does not violate "due process" and "equal protection" of the laws clause of

the Fourteenth Amendment of the Constitution of the United States. If petitioner made no incriminating statements, which he does not allege, no constitutional right has been violated even though the petitioner had requested and been denied the assistance of counsel. Ward v. Peyton, 349 F.2d 359 (4th Cir. 1965); Vess v. Peyton, 352 F.2d 325 (4th Cir. 1965) cert. denied 383 U.S. 953, 86 S.Ct. 1215, 76 L.Ed.2d 214 (1966); Timmons v. Peyton, 240 F. Supp. 749 (E.D.Va.1965). Thus, the court finds no basis on which to grant relief on this claim.

For the foregoing reasons the petitioner has failed to convince this court that he is entitled to relief based on any of his allegations. It is therefore adjudged and ordered that the petition be dismissed and the writ denied.

A certified copy of this opinion and judgment is directed to be sent to the petitioner and to the respondent.