**Eugene Samuel MAPSON, Petitioner,**

v.

**J. D. COX, Superintendent, Virginia State Penitentiary, Respondent.**

**Civ. A. No. 70-C-7-C.**

United States District Court,
W. D. Virginia,
Charlottesville Division.

May 21, 1970.

Gerald L. Baliles, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION AND JUDGMENT

DALTON, Chief Judge.

This proceeding comes before the court on a petition for a writ of habeas corpus filed *in forma pauperis* by Eugene Samuel Mapson, a state prisoner, pursuant to 28 U.S.C. § 2241. The petition was transferred from the United States District Court for the Eastern District of Virginia, at Richmond, and filed herein on the 12th of March, 1970.

Petitioner Mapson is currently serving a life sentence in the Virginia State Penitentiary pursuant to a judgment of the Corporation Court of the City of Charlottesville, imposed on October 27, 1965, for first-degree murder. Mapson entered a plea of guilty during his criminal trial in said Corporation Court, after having originally plead not guilty and having asked for a jury trial.

The record reflects that on March 6, 1968 the Corporation Court of the City of Charlottesville denied Mapson's petition for a writ of habeas corpus and that the Virgina Supreme Court of Appeals affirmed such a denial on the 21st of January, 1969. It appears that the petitioner has exhausted his available state remedies in compliance with 28 U.S.C. § 2254, as interpreted by Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed. 837 (1963).

The petitioner seeks to have his conviction set aside based upon the following allegations. (These allegations are similar to the ones which were considered by the state courts.)

1. That he was arrested upon a warrant that wasn't based upon probable cause;

2. That not only was petitioner deprived of a prompt preliminary hearing but the evidence present-

ed at said hearing was insufficient;

3. That no corpus delecti was proved at his trial, nor was the evidence sufficient to convict the petitioner of first-degree murder;

4. Finally, that his counsel rendered ineffective assistance, which deprived him of his constitutional rights.

An examination of the complete record before us does not present this court with any other alternative than to deny the relief Mapson seeks to obtain. The record, together with applicable case law, points to only one conclusion, namely, a dismissal of Mapson's petition for a writ of habeas corpus. This court, in analyzing the allegations as raised by the petitioner, can come to no other conclusion for the following reasons.

■ The first allegation centers on petitioner's arrest, an arrest which he claims was based upon an invalid warrant. The record clearly shows that Mapson was arrested in Norfolk, Virginia pursuant to his recent escape from the state convict road camp near Charlottesville, Virginia. After receiving information, via teletype, that the petitioner had escaped from the road camp, police officers of the Norfolk Division apprehended Mapson at the home of his wife. At the time of apprehension Mapson was hiding out in the attic of the house. (See Transcript Pages 98–100). As mentioned long ago in United States v. Cotter, 80 F.Supp. 590 (E.D.Va., 1948), when reasonable or probable cause is the basis for an arrest, the mere fact that it was made without a warrant, does not make the arrest invalid. The petititioner, after he was in custody on the escape violation, was presented with the warrant charging him with first-degree murder. This court can in no way see how the petitioner was denied any constitutional rights in his first allegation.

■ The next double edged claim raised by Mapson focuses upon the alleged undue delay in his receiving a preliminary hearing, as well as, the insufficiency of the evidence presented at said hearing. This court is guided by the established principle expressed in Blankenship v. Peyton, 295 F.Supp. 16, 20–21 (W.D.Va., 1969) that under Virginia law

 * * * the requirement of a preliminary hearing of one arrested on a charge of a felony is not jurisdictional and that its denial does not violate "due process" and "equal protection" of the laws clause of the Fourteenth Amendment of the Constitution of the United States.

Petitioner Mapson was not only granted a preliminary hearing but it appears that any questions raised as to "undue delay" must be attributed to Mapson himself. The record does not reflect that the petitioner was prejudiced, in any way, by the lateness of the preliminary hearing on the 29th of April, 1965.

The Virginia Supreme Court of Appeals in Snyder v. Commonwealth, 202 Va. 1009, 121 S.E.2d 452, 456 (1961) dealt with the preliminary hearing question. The court stated that:

 * * * (w)e are of the opinion that the requirement for such a (preliminary) hearing is procedural only, and not jurisdictional, and any defect in connection therewith must be raised before trial, or forever lost as a grounds for objection. (Word Added)

Recent cases support the above mentioned concept. See Blankenship v. Peyton, 295 F.Supp. 16 (1969) and Dunnivan v. Peyton, 292 F.Supp. 173 (1968).

■ The third allegation raised by Mapson deals with the sufficiency of the evidence, as presented during his criminal trial on the 16th of September, 1965. Included in petitioner's claim of insufficiency of evidence is the allegation that no corpus delecti was proven at his trial. We note that during the criminal trial petitioner Mapson changed his original plea of not guilty to one of guilty. This was done after the petitioner had conferred with his counsel,

Mr. S. W. Tucker, Esq. (See Transcript Pages 94–97). The law is very clear on the point which Mapson raises herein. As stated by the Fourth Circuit Court of Appeals, and concurred in by this court on a number of occasions,

> * * * (w)e think that the transcript of the trial demonstrates that the evidence was sufficient. Even if we entertained doubts about this, there would be no basis for a federal court in a habeas corpus proceeding to undertake a broad review of the conviction in the state court. There is a difference between a conviction based upon evidence deemed insufficient as a matter of state criminal law and one so totally devoid of evidentiary support as to raise a due process issue. It is only in the latter situation that there has been a violation of the Fourteenth Amendment, affording the state prisoner a remedy in a federal court on a writ of habeas corpus.

Grundler v. North Carolina, 283 F.2d 798, 801 (1960). The record illustrates quite clearly that the conviction was not "totally devoid of evidentiary support" so as to raise a due process issue. The Fourth Circuit continued by saying in *Grundler* that:

> * * * (N)ormally, the admissibility of evidence, the sufficiency of evidence, and instructions to the jury in state trials are matters of state law and procedure not involving federal constitutional issues. It is only in circumstances impugning fundamental fairness or infringing specific constitutional protections that a federal question is presented. *Id.* at 802.

■ Not only does the foregoing refute petitioner's claim, but the recent case of Peyton v. King, 210 Va. 194, 169 S.E.2d 569 (1969), clearly shows that Mapson's plea of guilty waived all defenses which he could make, except those of a jurisdictional nature. The court in the *King* case said that:

> * * * (a) voluntary and intelligent plea of guilty by an accused is, in reality, a self-supplied conviction authorizing imposition of the punishment fixed by law. *It is a waiver of all defenses other than those jurisdictional*, effective as such not only in the lower court but as well in this court. *Id.* at 571. (Emphasis Added)

See Crutchfield v. Commonwealth, 187 Va. 291, 46 S.E.2d 340 (1948). In line with the foregoing, it seems quite obvious that petitioner's third claim is one which does not raise a jurisdictional matter, and likewise is a claim without sufficient legal basis so as to afford the petitioner relief.

■ Finally, Mapson contends that during his criminal trial he had ineffective representation of counsel which deprived him of certain constitutional rights. The petitioner supplements the above contention by pointing out that he was (a) coerced into making his eventual plea of guilty by his attorney, and (b) that his attorney failed to bring in any relevant facts helpful to the petitioner.

The general contention of ineffective representation of counsel, more so than any other allegation, has continually been alleged in petitions for habeas corpus relief. A voluminous number of cases have dealt with the question involved herein. In essence, the courts have placed the burden upon the petitioner to show by a "preponderance of the evidence" that counsel's representation was inadequate. The record in this case, without question, supports the respondent's view that there existed "able and effective assistance of counsel". The transcript shows the following discourse on the point in question.

THE COURT: I want to ask Mr. Mapson one other question. Are you satisfied with your attorneys here?

THE DEFENDANT: Yes, sir.

THE COURT: Are you satisfied that all the witnesses on your behalf that should be called have been called? At least you have discussed that with your attorney, is that correct?

THE DEFENDANT: That is correct.

THE COURT: One more thing, you have had explained to you the question of whether or not you are to be tried by a jury or without a jury? Has that been discussed with your by your attorney?

THE DEFENDANT: Yes, sir.

(See Transcript Pages 13–14)

The transcript shows the following discourse:

MR. TUCKER: If it please the Court: the Defendant would like to change his plea from a plea of Not Guilty to a plea of Guilty.

MR. CAMBLOS: I have no objection, Your Honor.

THE COURT: Eugene Samuel Mapson, is that correct that you want to change your plea?

MR. MAPSON: Yes, sir.

THE COURT: Have you fully discussed this with your attorney?

MR. TUCKER: May I have five minutes to discuss with him—to talk to him?

THE COURT: You certainly may have as much time as you wish.

REPORTER'S NOTE: Discussion off record. The Defendant and counsel return to court room and the proceedings continue as follows:

THE COURT: Have you fully discussed this?

MR. TUCKER: Yes, we have.

THE COURT: Eugene Samuel Mapson, will you stand? Have you now fully discussed the matter with your attorney?

MR. MAPSON: Yes, sir.

THE COURT: Do you wish to change your plea?

MR. MAPSON: I have changed it.

THE COURT: You do change your your plea to guilty?

MR. MAPSON: Yes.

THE COURT: Does the Commonwealth have anything?

MR. CAMBLOS: May it please the Court: this was discussed between myself and defense counsel at an earlier time and I think that the defense counsel has subsequently to that early time that he has thoroughly discussed it with the Defendant. I can't imagine that the Defendant is not fully aware of his actions. And I believe that he is perfectly capable of making this decision. I feel that the Court should allow him to change his plea.

THE COURT: Mr. Tucker, are satisfied that he understands the situation?

MR. TUCKER: I am very well satisfied, Your Honor. It is not a matter that came up only today.

THE COURT: Under those circumstances, the Court permits the change of the plea of Not Guilty to Guilty. The Court has no alternative but to dismiss the Jury. I take it that you both concur under the circumstances the Court will permit that the Defendant to change his plea and to enter a plea of Guilty and the record will so state. I ask that the Jury come back in so that we can advise them as to what has occurred and to discharge them. Will you call the Jury, please?

JURY IN:

THE COURT: Gentlemen of the Jury: the Defendant has asked the permission of the Court to change his plea of not guilty to guilty. The Defendant and his counsel have considered the matter over some little time and have returned. The Court is satisfied that the Defendant fully understands what he is doing. The Court has permitted him to change his plea from not guilty to guilty. And now that he has plead guilty, there is nothing more for you gentlemen to consider. The rest of the matter will be handled entirely by the Court.

* * *

(See Transcript Pages 94–97)

A further review of the record before us shows that Mr. S. W. Tucker, Esq., counsel for the petitioner, not only diligently pursued a course of conduct beneficial to Mapson at the outset of the trial, namely, making certain objections to remarks that the Commonwealth Attorney would be using in his opening statement, as well as, the cross-examination of the Commonwealth's witnesses, but also, from the time Mapson entered his plea of guilty, Mr. Tucker continued his cross-examination of additional witnesses, plus the making of a closing argument after the presentence report had been filed with the Court. The foregoing dispels any doubts surrounding Mapson's allegation of ineffective representation. The petitioner, as shown in the previous referred to transcript, testified exactly contrary to what he today disclaims. It is patently clear that the petitioner has not met the burden that court decisions have placed upon him. The Fourth Circuit stated in Root v. Cunningham, 344 F.2d 1, 3 (1965), cert. denied 382 U.S. 866, 86 S.Ct. 135, 15 L.Ed.2d 104 (1965) that:

> * * * (O)rdinarily, one is deprived of effective assistance of counsel only in those extreme instances where the representation is so transparently inadequate as to make a farce of the trial.

See Montgomery v. Peyton, 299 F.Supp. 514 (1969); Love v. Commonwealth of Virginia, 297 F.Supp. 661 (1969).

The record before this court contains no evidence to show that the trial was a farce, but rather to the contrary.

For the reasons heretofore mentioned, the petitioner has failed to convince this court that he is entitled to habeas corpus relief. It is therefore adjudged and ordered that the petition for habeas corpus be dismissed and the writ denied.

The clerk is hereby directed to send a certified copy of this opinion and judgment to the petitioner and to the respondent.