James M. NANCE, Petitioner,

v.

E. L. PADERICK, Superintendent, Virginia State Penitentiary, Respondent.

Civ. A. No. 73–C–58–D.

United States District Court,
W. D. Virginia,
Danville Division.

Nov. 13, 1973.

Gilbert W. Haith, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION and JUDGMENT

DALTON, District Judge.

On March 28, 1972, petitioner James M. Nance was convicted of robbery in the Circuit Court of Pittsylvania County, Virginia. Petitioner was sentenced to a term of twenty years in the Virginia State Penitentiary, and is at present in the custody of respondent. Following his conviction, petitioner by court-appointed counsel filed a petition for a writ of error in the Supreme Court of Virginia, which court rejected the petition and refused the writ of error in an order dated January 9, 1973.

Petitioner then filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 et seq. in the United States District Court for the Eastern District of Virginia. By order of October 1, 1973, the action was filed *in forma pauperis* and transferred to this court.

Petitioner attacks the validity of his conviction by alleging:

(a) Petitioner was not advised of his rights at the time of his arrest. Petitioner intimates that he was questioned while still under the influence of drugs that he had taken.

(b) Petitioner was interrogated by the police without benefit of counsel. He was coerced into signing a confession.

(c) Petitioner was held without bond.

(d) Petitioner was not placed in a lineup.

(e) Petitioner was forced to trial with inadequate counsel after having advised the court that he was dissatisfied with counsel.

(f) Petitioner was not allowed to obtain his own attorney to represent him at his trial.

Briefly stated, petitioner's conviction arose out of the following circumstances: Petitioner was arrested in Greensboro, North Carolina, on December 14, 1971, on a charge of robbery occurring on the same date in Pittsylvania County, Virginia. He was extradited the

same day to the Pittsylvania County Jail, where he was held in lieu of $50,000 bond. On March 8, 1972, petitioner was arraigned and entered a plea of not guilty, after which his case was set for trial on March 17, 1972. On March 16, 1972, petitioner, with his appointed counsel, appeared before the trial court and advised the court of dissatisfaction with his counsel, and that he wished to employ counsel of his own choosing, which would be arranged by "his people." (Tr. 5) The court refused to discharge the appointed counsel, and advised petitioner that he could employ counsel of his own choosing, but the case would not be continued. On motion of counsel, a medical examination of petitioner was ordered, which resulted in petitioner's mental condition being certified as adequate to stand trial. On March 17, the case was tried by the court without a jury, and petitioner was subsequently found guilty.

■ As to allegations (c), (d), (e), and (f), an examination of the record reveals that none of them have been presented to the Supreme Court of Virginia either by way of a petition for a writ of error or by way of a petition for a writ of habeas corpus, as is required under 28 U.S.C. § 2254, as construed by Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). Even though petitioner has failed to exhaust his available state court remedies and this court need not comment on these allegations, we will note further that none of them appear to be of merit.

■ Contrary to allegation (c), pre-trial bond was set at $50,000, which petitioner was apparently unable to meet. (Tr. 15) Since petitioner did not appeal the amount set as being excessive, as is provided for under § 19.1–110 of the Code of Virginia (since repealed, now provided for in § 19.1–109.3, enacted in 1973), and since he is now being detained pursuant to his conviction, rather than being held for trial, this claim presents no grounds upon which relief can be granted. *See* Wilborn v. Peyton, 287 F.Supp. 787 (W.D.Va.

1968). Petitioner also alleges that he was arbitrarily ordered held without bond after his conviction while his petition for a writ of error was pending. Since it is no longer pending, and since petitioner did not appeal this denial of bond, and is now serving his sentence, this allegation also fails to present a ground upon which this court can grant relief.

■ As to allegation (d), there is no authority to support a contention that petitioner had a legal right to a lineup, even if he had requested one, which he apparently did not. United States v. White, 482 F.2d 485 (4th Cir. 1973). The Supreme Court of Virginia has made this same observation. *See* Fogg v. Commonwealth, 208 Va. 541, 159 S. E.2d 616 (1968).

■ Allegations (e) and (f), when viewed in light of the trial record, clearly do not raise issues of constitutional magnitude. The day before he was to be tried petitioner asked the court to replace his counsel, because petitioner "didn't like the way he talked." (Tr. 5) Petitioner had previously in the same case had another court-appointed attorney relieved at his request. (Tr. 13) Petitioner was told by the trial court that he had a right to obtain counsel of his own choosing and urged him to do so (Tr. 5), but stated that the case would not be continued, after having ascertained that petitioner's appointed counsel, an experienced and competent attorney, had diligently prepared for the case and was ready to proceed. (Tr. 4–17) Petitioner stated that "his people" would employ counsel for him, but as of the day of trial they had not, apparently because of monetary reasons. (Tr. 12) The granting of a motion to replace petitioner's court-appointed counsel was a matter entirely within the discretion of the trial court; petitioner has not alleged any grounds that show that this discretion was abused.

■ Though the grounds contained in allegations (a) and (b) were only tangentially presented to the Supreme

**550**

Court of Virginia by way of petitioner's petition therein for a writ of error, this court has considered them, and found both to be without merit. The record shows that immediately following his apprehension in Greensboro, petitioner was read and he signed a statement that he had been advised of and understood his constitutional rights pursuant to Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). (Tr. 86–87) Later that day, after petitioner had been extradited to Virginia, he signed a similar statement. (Tr. 89–90). Both statements contained a clause "waiving" the right to counsel as to any statements that were thereafter made. Even if petitioner was coerced into signing these "waivers," which is not indicated in the record, the trial transcript shows no mention of any statement that petitioner may have made to the arresting officers, and he certainly did not make a confession; at any event no such purported statement or confession was ever introduced at trial.

■ Petitioner contended in his petition for a writ of error to the Virginia Supreme Court that he was deprived of counsel at the extradition proceedings conducted in North Carolina. Even if his petition herein can be construed so as to include this allegation, and if it were true, it would not constitute a ground for relief by way of habeas corpus. See Frisbie v. Collins, 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541 (1952); Blankenship v. Peyton, 295 F.Supp. 16 (W.D.Va.1969).

■ While petitioner intimates that he was under the influence of drugs and totally insensible during the whole time the robbery and his arrest and extradition took place (Tr. 96–99), this court must view this allegation with the same degree of incredulity that the trial court accorded it. (Tr. 101–102) (Petitioner supposedly "got high" by injecting marijuana intravenously.) Once again, there is no evidence that any statement made by petitioner during this period was used against him in any manner.

For the above reasons, it is adjudged and ordered that the petition for a writ of habeas corpus be dismissed and the writ denied.