Jesse ROOT, Appellant,

v.

W. K. CUNNINGHAM, Jr., Superintend-
ent of the Virginia State Peniten-
tiary, Appellee.

No. 9606.

United States Court of Appeals
Fourth Circuit.

Argued Feb. 2, 1965.

Decided March 26, 1965.

John O. Peters, Richmond, Va. (Court-assigned counsel), (Williams, Mullen & Christian, Richmond, Va., on brief), for appellant.

Reno S. Harp, III, Asst. Atty. Gen. of Virginia (Robert Y. Button, Atty. Gen. of Virginia, on brief), for appellee.

Before HAYNSWORTH, Chief Judge, J. SPENCER BELL, Circuit Judge, and CHRISTIE, District Judge.

CHRISTIE, District Judge.

This is an appeal under 28 U.S.C. § 2253 by Jesse Root from a judgment of the United States District Court for the Eastern District of Virginia, entered on July 6, 1964, denying his petition for a writ of habeas corpus. In his petition before the district court he claimed that the judgment entered by the Circuit Court of Accomack County, Virginia, on October 12, 1954, committing him to eighteen years imprisonment for statutory burglary, was unlawful and void. We find the appeal to be without merit.

Appellant's principal contentions on this appeal are:

(1) Whether the district court was in error in finding as a matter of fact that he *was* represented by counsel at his arraignment;

(2) Whether the district court was in error in finding as a matter of fact that he *was not* denied effective assistance of counsel in the state trial; and

(3) Whether the district court was in error in finding as a matter of law that his absence during the consideration of instructions by the trial judge and counsel *did not* constitute a violation of his constitutional rights.

In considering appellant's attack on the district court's findings of fact, this Court is bound by those findings unless they are shown to be clearly erroneous. Federal Rules of Civil Procedure, Rule 52, 28 U.S.C.A. Cf. Crabtree v. Boles, 339 F.2d 22 (4th Cir. 1964); James v. Boles, 339 F.2d 431 (4th Cir. 1964).

I

While appellant contends that he was not represented by counsel at his arraignment, the Common Law Order Book of the Circuit Court of Accomack County, Virginia, revealed on October 5, 1954, the following:

"This day came the attorney for the Commonwealth; and thereupon said defendant was brought into Court and set to the Bar by the Jailor of this Court, and after being advised by counsel, pleaded not guilty thereto. * * *"

It was noted on the criminal docket that appellant was represented at this proceeding by Frances F. Ames, self-employed attorney. Furthermore, at the hearing before the district court, Fran-

ces Ames testified that she was present when appellant entered his plea of not guilty. Thus, in light of this testimony by Mrs. Ames and the documentary records of the circuit court, it is apparent that the finding of the district judge that counsel was present at the arraignment was clearly warranted.

## II

In regard to appellant's second contention, i. e., that he was not effectively represented by counsel at trial, it is to be noted that his counsel in this proceeding takes the position in his brief, and correctly so, that this question is one of fact. The district court made the following findings of fact thereon:

"The evidence shows and the Court finds that Mrs. Ames interviewed the defendant several times in jail, that she traveled throughout the county interviewing every witness that he had told her about; that she examined the file in the Clerk's office concerning the case; and that she prepared her defense of the case on behalf of the petitioner in line with the defense which he urged upon her."

The district judge further found that appellant knew the charges against him, understood them, and actively directed and assisted his counsel in formulating defense strategy. From the foregoing findings of fact, the district judge concluded that appellant was effectively represented by counsel. A careful review of the record, the affidavit and deposition of Mrs. Ames and the correspondence she addressed to appellant shortly after the trial relative to his charge of misconduct by certain jurors, demonstrates that the findings and conclusions of the district judge have ample factual and legal support and this court is bound by them. Moreover, it may be said that, while a defendant is undeniably entitled to a fair trial according to the law of the land, yet he is not guaranteed a perfect one, and where an attorney gives his client his complete loyalty and serves his cause in good faith and to the best of his ability, the due process requirement for effective assistance of counsel is generally met. Johns v. Smyth, 176 F.Supp. 949 (E.D.Va.1959); Morton v. Welch, 162 F.2d 840 (4th Cir. 1947). Ordinarily, one is deprived of effective assistance of counsel only in those extreme instances where the representation is so transparently inadequate as to make a farce of the trial. Snead v. Smyth, 273 F.2d 838 (4th Cir. 1959). This is especially true where, as here, the defendant chose and employed his own counsel.

## III

It is conceded that appellant did not accompany the judge, the commonwealth attorney and his counsel to the court's chambers to consider and settle the instructions at the close of the evidence. It is also clear that he neither expressed a desire to attend the conference nor objected to it at the time. He has failed to point to anything that was said or done in the conference that tended to his prejudice or to anything that he could have contributed to it had he been there. It is also undenied that, following the conference, he was present in the courtroom when the Court instructed the jury. He bases his claim of denial of due process in this regard solely upon the fact of his absence from the conference. The district court found as a matter of law that this procedure was authorized by Virginia law and that it is not such a departure from the fundamental concept of a fair and impartial trial as to offend the due process clause of the Fourteenth Amendment to the Federal Constitution. We must agree.

In Virginia, the common law doctrine relating to the right of a person indicted for a felony to be present during his trial has been enacted into statute. Code of Virginia 1950, Sec. 19.1–240. The question has often come before the highest court of that state where it has been consistently held that the accused has an inalienable right to be present throughout his trial, and that

this right is to be carefully guarded. However, the same court has also pointed out that in the protection and enforcement of the right, it must not be so enlarged as to exceed its true scope and purpose. Palmer v. Commonwealth, 143 Va. 592, 130 S.E. 398; Hagood v. Commonwealth, 157 Va. 918, 162 S.E. 10, 601; Williams v. Commonwealth, 188 Va. 583, 50 S.E.2d 407; and Carpenter v. Commonwealth, 193 Va. 851, 71 S.E.2d 377. In all these cases, the court, while fully recognizing the right of the defendants to be present at all stages of their trials, found nothing wrong with the universal practice of judges and counsel discussing in conference proposed instructions out of the presence of the defendants. The court found that such activity was only subsidiary to the trial itself and not properly a part of it. This was a reasonable and rational approach to the problem. It is quite understandable to those familiar with trial procedure. The judge, being responsible for the orderly conduct of the trial, and being charged with the duty of seeing to it that fair and impartial justice is administered under the law, must not be fettered unnecessarily by technicality to the point where he cannot freely discuss purely legal principles with counsel in the privacy of his chambers, at his home, or elsewhere, in the absence of the defendant. Of course, it is a part of the responsibilities of a trial judge to instruct the jury as to the law applicable to the case. In preparation for this, he usually requests each side to submit proposed instructions, either during the progress of the trial or at the close of the evidence. He studies them during recesses or after court has adjourned for the day, and must frequently discuss them with counsel in chambers or elsewhere. In due time, he will determine upon a set of instructions which he feels will sufficiently inform the jury as to the law applicable to the facts of the case. This preliminary or preparatory work *is not* a part of the trial. He then announces in open court in the presence of the parties and their counsel his decision as to the instructions he proposes to give, at which time opportunity is afforded them for the noting of objections on the record. The Court rules thereon and the instructions then become finalized. This, then, *is* a part of the trial and the presence of the defendant is required. The record in the case under consideration shows that this general procedure was followed in the state court in the trial of this case, and we find that it meets constitutional requirements of due process.

But appellant relies heavily upon the decision of this court in Near v. Cunningham, 313 F.2d 929 (4th Cir. 1963) as authority for the position asserted. There is a clear distinction. In that case, the question of the defendant's absence during consideration of instructions was not involved at all. The question there went to a decision made by the judge, the commonwealth attorney and defendant's counsel, in the absence of the defendant who was on trial for a capital offense, to not sequester the jury during recesses of the court, and it was there shown that, because of the decision not to sequester the jury and not to keep them in custody of an officer during recesses of the court, certain jurors overheard statements made by spectators on the courthouse lawn bearing upon defendant's guilt and the punishment he, ought to receive, including opinions that he should be killed. This court there found, and quite properly so, that because of the exposure of the jury to the influence of spectators hostile to the defendant,

> "(T)he integrity of the verdict was thereby impugned to a degree sufficient to make it void under the Fourteenth Amendment to the United States Constitution."

Near had undoubtedly observed the presence of those hostile to him in or about the courthouse. That he had a better opportunity to know the attitudes of these people than his attorney or the court would seem to be apparent. Under such circumstances, had he been permitted to attend the conference, he could have informed the court of this hostility and, perhaps, thus prevented the making

of the decision which exposed the jury to it to his disadvantage. Obviously, the defendant in the instant case, had he been present, could have made no comparable contribution in his case. Yet, notwithstanding the significance of Near's absence when such an important decision was made, this court was there careful to point out that it did not base its decision on the mere absence of defendant, but rather from the consequences that flowed from it, as the following excerpt from the opinion will disclose:

"We are not here called upon to decide that the mere fact of the prisoner's absence from the conference—nothing else appearing—would of itself result in such an unfair and unjust trial as to violate the provisions of the Fourteenth Amendment, but this fact, combined with the allegations of serious consequences which are said to have flown from the decision, raise issues on the face of the petition which if true would entitle the petitioner to a new trial."

In the instant case, the record fails to show any prejudicial consequences to appellant as a result of the trial court's consideration of the instructions in his absence, such as was apparent in Near. The purely legal ritual of settling instructions complained of here is quite different from the decision complained of in Near of allowing jurors to comingle on the courthouse lawn with spectators hostile to the defendant on trial. We find no significant parallel between the two cases.

In Snyder v. Commonwealth of Massachusetts, 291 U.S. 97, 54 S.Ct. 330, 78 L.Ed. 674, the Supreme Court said that the presence of an accused during prosecution for a felony is a condition of due process only to the extent that a fair and just hearing would be thwarted by his absence, and that his privilege to be present in person during prosecution must have a reasonable substantial relation to fullness of opportunity to defend against the charge. We find that the absence of the appellant in this case from the court's chambers during consideration instructions bore no "reasonable substantial relation" to his "fullness of his opportunity to defend against the charge" for which he was on trial. Consonant with this concept, this court in the recent case of Brown v. Pepersack, 4 Cir., 334 F.2d 9, in which certiorari was denied by the Supreme Court November 16, 1964, 379 U.S. 917, 85 S.Ct. 269, 13 L. Ed.2d 188, affirmed a decision of the District Court of Maryland (217 F.Supp. 547), which had found that, under Maryland law, the consideration of instructions by the trial court in chambers out of the presence of the defendant and the jury violated no right guaranteed by either the State or Federal Constitution. There is not such apparent difference between the constitutions of Virginia and Maryland as to require a different result here.

The decision of the district court, denying the writ prayed for, is accordingly

Affirmed.