**Willis Lansing GANGER**

v.

**C. C. PEYTON, etc. (two cases).**

**Civ. A. Nos. 4047–M, 4048–M.**

United States District Court
E. D. Virginia.

Aug. 16, 1966.

E. Waller Dudley, Alexandria, Va., for petitioner.

Reno S. Harp, III, Asst. Atty. Gen., of Virginia, Richmond, Va., for respondent.

## MEMORANDUM OPINION

OREN R. LEWIS, District Judge.

The petitioner seeks his release from the Virginia State Penitentiary via ha-beas corpus from a conviction in the Circuit Court of Stafford County, Virginia, and from a conviction in the Circuit Court of King George County, Virginia.

The petitioner is now serving the five-year sentence imposed by the Circuit Court of King George County on September 27, 1963; service of the six-month sentence imposed by the Circuit Court of Stafford County to begin upon the expiration of his present sentence.

 The respondent contends the petitioner cannot question the validity of the Stafford County sentence prior to confinement thereunder. Ordinarily this is correct and this Court would not entertain such hearing absent unusual circumstances. The State concedes that if the petitioner here is required to await the beginning of the running of the six-month sentence that he will have completed the same before the matter could be heard and disposed of. Under these circumstances this Court heard both the Stafford and King George County cases, one following the other.

The petitioner, in the Stafford County case, contends that he was arrested on an assault charge brought at the behest of the Commonwealth Attorney of Stafford County, who was then representing petitioner's estranged wife in a pending divorce proceeding. He says he was immediately placed in the Stafford County jail, with bond being fixed at $5,000.00; that he could not be, and was not, released on bond pending trial even though he was prepared to pay the necessary bond premium.

He further contends that while he was in the Stafford County jail awaiting hearing on the assault charge he was arrested on the charge of indecent exposure (violation of 18.1–214 of the Code of Virginia). He was kept in the Stafford County jail pending both hearings.

The sheriffs of both counties questioned him about both crimes on different occasions for a period of five or ten days. The petitioner at all times denies that he was guilty of the King George County charge.

He gave a statement to that effect, in which he also stated, among other things, that he was not at the Burke home on the day in question.

The petitioner further contends that during the pendency of both trials he was taken from the jail at Stafford to the Commonwealth Attorney's office, during which time the Commonwealth Attorney offered to drop the then pending assault charge against him if he would agree to make a property settlement with his wife in the then pending divorce suit, including, among other things, giving her his Thunderbird automobile. He refused the offer, told his court-appointed attorney about it, and wrote to the presiding judge concerning the same.

The petitioner further contends that he had some $800.00 when he was arrested, that this money was turned over to the sheriff of Stafford County when he was incarcerated. $400.00 of this money was given to his wife to effect his release from jail on bond. He was neither released nor given back any part of the $400.00. He gave $250.00 to his attorney, for representation in the pending King George proceeding. The balance, approximately $129.00 was transferred to the Virginia State Penitentiary when he was sent there after his conviction in the King George case.

The petitioner further contends that he asked his attorney to subpoena two witnesses in this case—who then lived some two blocks from the King George County courthouse. He also asked his attorney to have a court reporter present for the purpose of making a record of the proceeding. The reporter's fee was to be paid from the money he then had in the sheriff's office.

The petitioner admits that upon being taken to the King George County courthouse on the day of his trial that he had not told the sheriff the truth when he signed the statement that he was not at the Burke house on the night in question. He says he then lied because he did not want to get Mrs. Burke, a widow, in trouble.

When he got to the courthouse he asked his attorney about his witnesses and about the court reporter. He was then told that the court would not allow him to have a reporter. He says he then asked his counsel to move for a continuance, and when counsel would not do so, that he asked the court for a continuance so that he could get his witnesses and a court reporter. He says the motion was denied.

The petitioner further claims that at his insistence his attorney had gotten a report from the optometrist who had made his glasses and that this report showed that the glasses found in the child's room were not his glasses. His counsel refused to offer the report or call the optometrist as a witness.

He says he advised his counsel not to call his estranged wife as a witness—she was then suing him for a divorce and had an assault charge pending against him in Stafford County. He says his counsel called his wife anyway and that she testified that the glasses found in the child's room appeared to be his.

Upon his conviction in King George County the petitioner received the maximum sentence of five years.

He further contends that he could not effectively perfect his appeal because there was no transcript of the proceedings and that the principal evidence against him was the testimony of a seven-year-old girl. He contends that the narrative statement of the proceedings was not an adequate substitute for the transcript under the unusual circumstances of his case and that it did not disclose or record any of the motions made re a continuance for lack of witnesses and for lack of a court reporter.

During the hearing of these cases the defendant testified in his own behalf. He testified substantially as recited above.

The record and transcript in the Stafford County case, together with the narrative statement of the proceeding and the record in his petition for appeal to the Supreme Court of Appeals of Virginia in

the King George County case, were made a part of the record in this case.

The State called the attorney who represented the petitioner in the King George County case and the sheriff of that county, the substance of the sheriff's testimony being that the petitioner admitted that he had lied to him when he gave him the written statement about not being in the Burke home on the night in question.

The attorney admitted that the petitioner had asked him to get a court reporter. He denied that the petitioner offered to pay for this service or that he knew the petitioner had any money in the sheriff's office in Stafford County. He says he told him that he would ask the judge to appoint a reporter and that he so did, and that the judge told him he could not appoint court reporters except in indigent capital cases. The attorney says that he made this request of the judge informally by telephone and did not make a motion in writing for this purpose either before or at the beginning of the trial.

The attorney further says that he could not recall whether or not the petitioner asked him to call any witnesses. He admitted that he did not call any. The attorney did not recall whether or not he made a motion on the day of the trial for a continuance on the ground that the defendant's witnesses were not available or upon the ground that there was no court reporter available. Neither could he recall whether the defendant made such a motion in his own right. (The narrative of the proceeding is silent on this question.)

The Attorney admitted that he received a report from the optometrist that the glasses found in the child's room were not the prescription glasses that he had made for the petitioner. He does not recall what happened to the report. He admitted that he did not offer it or attempt to offer it because he was then of the opinion that it was not necessary that he so do because the petitioner had already denied that the glasses were his.

The attorney says he called the defendant's wife at his request. The narrative statement of the proceeding recites this to be a fact. It recites that the court inquired of the accused if the witness was being called to testify in his behalf and that his reply was in the affirmative.

On direct examination the wife testified that she did not know where her husband was on the night in question; that she went to Mrs. Burke's home with her husband on one occasion when Mrs. Burke was not there. She understood the Burke place was for sale. On cross examination by the State she testified that she recognized the glasses and the case; that they belonged to her husband and that she had seen them in his possession and there was no question in her mind but that the glasses were owned by the accused.

The State called the attorney who was appointed to represent the petitioner in the Stafford County proceeding. The hearing in this case was held after the King George County case, some ten or twelve months after the petitioner was arrested on that charge. The attorney said that the petitioner told him about the offer to drop the charges, attributed to the Commonwealth Attorney. He discussed the matter with the Commonwealth Attorney and said that the Commonwealth Attorney neither admitted or denied having made the offer.

In discussing a possible settlement the Commonwealth Attorney stated that he was going to prosecute the case vigorously and that he would take nothing less than twenty years. Being of the opinion that the Commonwealth Attorney was not too vigorous a prosecutor, the petitioner's attorney recommended that he go on to trial without raising the question officially before the court.

The petitioner insisted that the matter be brought to the court's attention, whereupon the attorney moved the court on the day of the trial that the Commonwealth Attorney should disqualify himself on two grounds; one, that he had an interest in the outcome of the case

in that he was representing the complaining witness in a divorce proceeding then pending; the other, that in a period of time prior to and surrounding this occurrence the defendant consulted with the Commonwealth Attorney and the Commonwealth Attorney "has certain information about the party here which he would like to question you about." The motion was denied.

The attorney stated that he did not advise the presiding judge that the Commonwealth Attorney was charged with having agreed to dismiss this criminal proceeding if the defendant would make a satisfactory settlement with his wife, because he was satisfied the judge knew about it from correspondence that he had had with the petitioner.

The Commonwealth Attorney was not called by the State to give his version of the situation because the Commonwealth Attorney refused to come and the State did not subpoena him.

The State concedes that the Commonwealth Attorney should not have prosecuted the husband on an assault charge growing out of a family quarrel during the time he was representing the wife in a pending divorce proceeding. The State contends, however, that no prejudice resulted therefrom due to the fact that the sentence was much, much less than the Commonwealth Attorney tried to obtain (six months as distinguished from twenty years). This is totally beside the point.

■ Regardless of the outcome, this Court is satisfied that the improbabilities of obtaining a fair trial under the circumstances here described are so great that prejudice need not be shown, and especially so where it is alleged that the Commonwealth Attorney offered to drop all criminal charges upon the making of a satisfactory settlement with the client he then represented and the Commonwealth Attorney refused, when given the opportunity, to deny the charges under oath. ,

The Stafford County conviction will be vacated and set aside and the defendant released on that charge unless the

State elects to retry him on or before fifteen days from the date of the order releasing him.

■ Ordinarily one is deprived of effective assistance of counsel only in those extreme instances where the representation is so transparently inadequate as to make a farce of the trial. Root v. Cunningham, 344 F.2d 1, 4th Cir. (1965). Such was the case in the King George trial.

■ When a lawyer cannot recall whether he was asked to call witnesses—he called none except the defendant's estranged wife—when the lawyer receives a report from the defendant's optometrist, stating that the glasses found in the child's room were made from a different prescription than that of the defendant's and does not offer this evidence—he lost the report and did not think it necessary to call the optometrist. When he makes no motions of record so that the case could be adequately reviewed on appeal—the lawyer said he talked to the judge informally by telephone and saw no reason to make a formal motion—when a court reporter was not employed—when the money was then available in the defendant's account with the sheriff. In a case where the defendant proclaimed his innocence, and the main witnesses against him were a seven year old child and his estranged wife, who then had an assault charge pending against him, the (legal) representative of the (defendant) is so transparently inadequate as to make a farce of the trial.

The King George conviction will be set aside and vacated and the petitioner shall be forthwith released from the Virginia State Penitentiary unless the State elects to retry him on the King George County indictment on or before thirty (30) days from the date of the order releasing him.

Counsel for the petitioner shall forthwith prepare an appropriate order releasing the petitioner upon the condition herein mentioned, submit the same to the Attorney General of Virginia for approval as to form, and then present it to the Court for immediate entry.