**UNITED STATES of America, Appellee,**

v.

**Bryant Oscar PEARCE, Appellant.**

**No. 13083.**

United States Court of Appeals Fourth Circuit.

July 15, 1969.

Edward A. Tomlinson, Baltimore, Md., (Court-appointed counsel) on brief for appellant.

Stephen H. Sachs, U. S. Atty., and Paul R. Kramer, Deputy U. S. Atty., on brief for appellee.

Before HAYNSWORTH, Chief Judge, and BRYAN and CRAVEN, Circuit Judges.

PER CURIAM:

Bryant Oscar Pearce was indicted in eight counts, and other defendants were named in these and additional counts, for counterfeiting, 18 U.S.C. §§ 471–474, aiding and abetting therein, 18 U.S.C. § 2, and conspiring to commit the offenses, 18 U.S.C. § 371. In a separate trial with a jury waived, Pearce was convicted on five counts and sentenced to eight years' imprisonment. An acquittal was ordered on two counts, and a third was dropped. Appealing, Pearce argues failure of proof of guilt and ineffective assistance of counsel. These assignments are not substantiated by the record.

Four of the five co-defendants testified at his trial. Each of these witnesses had earlier pleaded guilty to a single count and not guilty to the remainder. Sentencing of these four was postponed until after Pearce's trial, and then the Government dismissed the other counts.

Granting that "the testimony of an accomplice may be sufficient to sustain a conviction even though not corroborated, if it generates a belief beyond a reasonable doubt," United States v. Maddox, 394 F.2d 297, 299 (4 Cir. 1968), the appellant insists that the co-defendants' evidence was inherently untrustworthy, for this: they were testifying while themselves under indictment, their statements were contradictory and, at times, inconsistent, and the principal witness was a drug addict. The Government, on the other hand stresses that corroboration was adduced on each count. We see evidence aplenty warranting the District Judge's findings of guilt.

Cross-examination of the four co-defendants testifying against Pearce could have been more exhaustive, but it was not so lacking as to render Pearce's representation insufficient in law. *Cf.* Root v. Cunningham, 344 F.2d 1, 3 (4 Cir. 1964), cert. denied 382 U.S. 866, 86 S.Ct. 135, 15 L.Ed.2d 104 (1966).

The judgment of conviction is affirmed.

Affirmed.