**John Edward THOMASSON, Petitioner,**

v.

**A. E. SLAYTON, Jr., Superintendent, Virginia State Penitentiary, Respondent.**

**Civ. A. No. 71-C-52-D.**

United States District Court, W. D. Virginia, Danville Division.

April 4, 1972.

John Edward Thomasson, pro se.

William P. Robinson, Jr., Asst. Atty. Gen., Richmond, Va., for respondent.

WIDENER, Chief Judge.

Petitioner seeks relief here by way of habeas corpus from a conviction in the courts of Virginia.

Thomasson was convicted by a jury in the Martinsville Corporation Court of feloniously breaking and entering the Martinsville Elks Lodge No. 1752 on April 4, 1967 and of feloniously taking and carrying away therefrom goods and chattels valued at $200.00. The jury fixed his punishment at three years and five years, respectively, on each charge.

On January 19, 1971, the Supreme Court of Virginia affirmed the conviction and sentence of Thomasson. The grounds of appeal were:

1. That the defendant did not have faith in his court-appointed attorney;

2. That the defendant was not tried in the requisite term of court and was denied a speedy trial under the Sixth Amendment.

3. That an involuntary confession had been erroneously introduced in the trial court;

4. That the jury verdict was contrary to the law and the evidence.

On June 10, 1971, Thomasson filed a petition for a writ of habeas corpus in the Martinsville Corporation Court. The petition, which was dismissed on July 30, 1971, essentially alleged that he had been denied his right to effective counsel. He did not appeal this denial.

The present petition alleges three grounds for relief:

1. Denial of a fast and speedy trial.

2. Denial of due process of law.

3. Ineffective assistance of counsel.

Under each of these main grounds for relief, Thomasson has listed numerous questions, the answers to which supposedly would entitle him to relief. In view of the fact that Thomasson's petition was filed by himself, the court will avoid any technicalities in the petition and consider that Thomasson has exhausted his state remedies as to the following grounds which have been considered by the Supreme Court of Virginia:

1. Denial of a speedy trial.

2. Insufficient evidence to support conviction.

3. Admission of involuntary confession.

4. Ineffective assistance of counsel.

The petitioner was convicted by a jury, February 20, 1970, of breaking and entering and grand larceny at the Elks Club in Martinsville, which crime occurred April 4, 1967. A warrant was issued September 28, 1967 for petitioner, who was at that time in state custody on other charges and who remained in state custody on other charges until his trial. A detainer was filed to hold petitioner for the Martinsville charges, apparently in July, 1969, and shortly thereafter petitioner requested a speedy trial. The record shows that the Chief of Police in Martinsville, on July 24, 1969, advised the petitioner that the petition for a speedy trial had been received. The matter was brought to the attention of the trial judge and Thomasson was returned to Martinsville in January, 1970. Following a preliminary hearing, February 6, 1970, he was indicted February 9, 1970, and the trial, as before mentioned, was held on February 20, 1970.

■ Petitioner claims that the delay between his request of July, 1969 and his return to Martinsville in January, 1970, and indictment and trial in February, 1970 constitutes a denial of his right to a speedy trial under the Sixth Amendment. No due process issue is raised because of the time lapse between September, 1967 and July, 1969, and the reason for this is clear. Referring to other proceedings brought by petitioner in this court, Thomasson v. Slayton, No. 71–C–50–D, Thomasson v. Slayton, No. 71–C–51–D, and Thomasson v. Prosecuting Attorney, No. 70–C–42–D, it is seen that most of that time was bound to have been spent being prosecuted for various offenses committed by petitioner throughout southside Virginia. Between March, 1968 and January, 1970, he had been involved in several state court proceedings. In September, 1967, eight felony warrants were sworn out against him in the Circuit Court of Henry County and detainers issued. In March, 1968, he was convicted of five counts of statutory burglary in the Corporation Court of the City of Danville. On November 15, 1967, he was convicted of statutory burglary in the Circuit Court of Mecklenburg County. In January, 1968, he was convicted of statutory burglary in the Circuit Court of Halifax County.

The defendant's attorney filed a motion in the criminal proceeding to dismiss the charges because they were not tried within the requisite terms of court as required by § 19.1–191 of the Code of Virginia and also because the delay following July, 1969 was in violation of the Sixth Amendment to the U.S. Constitution.

The trial court heard the motion to dismiss the day before the trial and overruled the motion. The hearing showed that the defendant had all the witnesses present for the trial that he wanted present; that there was no evidence that could have been presented in July, 1969 that could not have been presented in February, 1970; and indeed the defense attorney as much as acknowledged that she had in no way been prejudiced by the delay.

Nothing in the petition or in the record indicates any prejudice caused by the delay, if indeed there was such, as no actual prejudice is either alleged or proven. The defense attorney was given the opportunity to present evidence of prejudice and produced none, so the only fair assumption which can be made is that no such evidence existed. In United States v. Banks, 370 F.2d 141 (4th Cir. 1966), a Sixth Amendment case, a ten-month delay following an indictment was held not so long as to make a prima facie showing of prejudice, and the court recited that there was no loss of witnesses and that the defendant suffered no detriment from the delay. In United States v. Baker, 424 F.2d 968 (4th Cir. 1970), a Fifth Amendment case, the court held that prejudice will not be presumed from mere delay (prior to indictment), and that a defendant

must bear the burden of proving prejudice by pre-indictment delay. This case cannot be compared with Pitts v. North Carolina, 395 F.2d 182 (4th Cir. 1968), in which a delay of sixteen years was held to be a long enough period for the burden to shift to the prosecution to show that no prejudice existed from a delay in indictment. Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607, set out three demands of the Sixth Amendment as: Preventing undue and oppressive incarceration, minimizing anxiety and concern accompanying public accusation, and limiting the possibility of a lessened ability of an accused to defend himself. None of these basic demands have been violated in this case. Although the record does not show the dates of terms of court in the City of Martinsville, it may be inferred from the record that the defendant was tried at either the first or second term following his request. The record shows affirmatively that no prejudice existed from the delay, and no attempt was made to show any prejudice in fact. Absent a showing of prejudice, the mere lapse of time from July, 1969 to February, 1970 is not sufficient to invoke Sixth Amendment relief.

### Insufficient Evidence to Support Conviction

■■ Thomasson complains because certain evidence which was admitted was not substantiated nor corroborated. The Constitutional question is whether Thomasson's conviction rests upon *any* evidence at all. Young v. Boles, 343 F. 2d 136 (4th Cir. 1965). *Some* evidence to support a conviction is all that is required. Holloway v. Cox, 437 F.2d 412 (4th Cir. 1971). The transcript reveals evidence which would allow a jury to determine that Thomasson committed the crimes for which he was tried. The evidence was essentially uncontested that Thomasson committed the acts with which he was charged. The weight of the evidence and the credibility of the witnesses are matters properly submitted to the jury.

### Involuntary Confession

■ Thomasson complains that a confession was improperly admitted into evidence. His attorney made a timely motion to suppress any mention of a confession or any incriminatory statement made by the defendant, and a suppression hearing was held in chambers. Detective Emerson, of the Martinsville Police Department, testified that, after identifying himself to Thomasson, he advised him of his Constitutional rights; that he could remain silent; that anything he said could be used against him in court; that he had a right to the presence of an attorney; that if he couldn't afford one the courts would appoint him one prior to the questioning; and that he could talk if he wanted to and quit talking any time. He stated that Thomasson indicated that he understood his rights and then told him "he wanted to get all of it off his chest, that he was involved in several [break-ins] and he wanted to clear them all up at one time."

The detective testified that Thomasson admitted that he and two accomplices broke into the Elks Club and that one of his accomplices had an electric razor, which was subsequently recovered from the individual named by Thomasson and which the evidence showed was stolen from the Elks Club in Martinsville. He further testified that there had been no promises or threats made to induce or coerce Thomasson to cooperate with the police.

After the defense attorney cross-examined Emerson, the court allowed the statement to be admitted, reserving for the defendant the right to contradict the evidence that the statement was voluntary.

Thomasson testified in his own behalf at the trial. His testimony shows lack of memory for important matters which would rebut the evidence presented by the prosecution. He testified on cross-examination: "I just don't remember talking to Mr. Emerson at all." The fol-

lowing testimony indicates his willingness to talk with the police officials:

"Q: Isn't it a fact that you wanted to cooperate with the officers?

"A: I always thought it was the only thing to do to talk with them."

There is no doubt that the standards of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), were complied with in this case. The trial judge properly ruled the statement was voluntary and admissible.[1]

### Ineffective Assistance of Counsel

In his petition, Thomasson has made numerous complaints about his appointed counsel. His basic theme is that he did not have faith in her. In the hearing which was held prior to the trial, the trial judge considered Thomasson's dissatisfaction with his attorney. When asked what it was he was dissatisfied with, Thomasson replied:

"I talked to her and I don't have faith in her. She gives me a feeling of hopeliness, (sic) nothing to fight for. I've got a lot of time on me. I've got to do something, I have to fight."

When asked to particularize his dissatisfaction with his attorney, he replied that there were one or two things he wanted objected to at the preliminary hearing. His attorney then queried: "Did I ask you at the preliminary hearing did you have any objection or anything, or any other questions that you wanted to ask?"

Thomasson: "I believe you did."

Mrs. Monday: "And what did you indicate to me?"

Thomasson: "I believe it was 'No,' I agreed that was all."

■ "Ordinarily, one is deprived of effective assistance of counsel only in those extreme instances where the representation is so transparently inadequate as to make a farce of the trial." Root v. Cunningham, 344 F.2d 1, 3 (4th Cir. 1965). As pointed out in *Root*, the due process requirement for effective counsel is generally met where the attorney gives his client his complete loyalty and serves his cause in good faith and to the best of his ability. That requirement was met here.

The transcript of the trial indicates that Thomasson was adequately represented by his appointed attorney. She vigorously cross-examined the witnesses for the prosecution and presented the defense in a competent manner. After all the evidence had been heard, the judge, in chambers, asked the defendant:

Court: ". . Are you satisfied with her representation of you up to this point in the case?"

Thomasson: "That's right."

Court: "Do you feel that she has done all that she can reasonably do in your behalf?"

Thomasson: "Yes sir, I guess so."

These statements by Thomasson clearly indicate that at the close of the evidence, before the jury had deliberated, he thought his attorney had adequately represented him.

Mrs. Monday was Thomasson's attorney when he appealed to the Supreme Court of Virginia. She listed as one of the grounds in the notice of appeal the fact that Thomasson had no faith in his court appointed counsel.

■ The court finds that the record clearly indicates that Thomasson was adequately represented and that his claim for relief on this point is without merit. The claim is obviously based upon the fact that he was not acquitted.

Thomasson's contentions may be determined by the records which are before the court. No further hearing is required. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

An order is this date entered consistent with this opinion.

---

1. The trial court, under a proper instruction, also told the jury that it might consider whether or not the confession was voluntary.