No. 77–784.  Maryland v. Marzullo.  C. A. 4th Cir.
Motion of respondent for leave to proceed *in forma pauperis*
granted.  Certiorari denied.  ▮

Mr. Justice White, with whom Mr. Justice Rehnquist
joins, dissenting.

This petition presents a question of fundamental importance
to the administration of criminal justice in both the state and
federal courts: What minimum standard of competence must
be displayed by an attorney for a criminal defendant in order
to satisfy the requirement of the Sixth Amendment that the
defendant receive the effective assistance of counsel?

Despite the clear significance of this question, the Federal
Courts of Appeals are in disarray.  Three Circuits subscribe
to the view that the representation of a defendant will be
deemed adequate as a matter of constitutional law unless it
was "such as to make a mockery, a sham or a farce of the
trial."  *United States* v. *Madrid Ramirez*, 535 F. 2d 125, 129
(CA1 1976); *Rickenbacker* v. *Warden*, 550 F. 2d 62, 65 (CA2
1976); *Gillihan* v. *Rodriguez*, 551 F. 2d 1182, 1187 (CA10
1977).  Four Circuits require, however, that defense counsel
render "reasonably competent" assistance.  *United States* v.
*De Coster*, 159 U. S. App. D. C. 326, 331, 487 F. 2d 1197, 1202
(1973); *Beasley* v. *United States*, 491 F. 2d 687, 696 (CA6
1974) ("reasonably effective assistance"); *United States* v.
*Fessel*, 531 F. 2d 1275, 1278 (CA5 1976) ("reasonably effec-
tive assistance"); *United States* v. *Easter*, 539 F. 2d 663, 665–
666 (CA8 1976) ("customary skills and diligence that a
reasonably competent attorney would perform under similar
circumstances").  The Third and Seventh Circuits have
developed their own, apparently different, standards for deter-
mining whether effective assistance of counsel has been
rendered to a defendant.  *Moore* v. *United States*, 432 F. 2d

730, 736 (CA3 1970) ("the exercise of the customary skill and knowledge which normally prevails at the time and place"); *United States ex rel. Williams* v. *Twomey,* 510 F. 2d 634, 641 (CA7 1975) ("assistance which meets a minimum standard of professional representation"). The Court of Appeals for the Ninth Circuit is internally divided. Compare *Saunders* v. *Eyman,* No. 75–3485 (Apr. 18, 1977) ("farce or a mockery of justice") with *Cooper* v. *Fitzharris,* 551 F. 2d 1162, 1166 (1977) ("reasonably effective assistance"), rehearing en banc granted.

This case presents an appropriate occasion for addressing this issue. The District Court, following an earlier decision of the Fourth Circuit which held that "one is deprived of effective assistance of counsel only in those extreme instances where the representation is so transparently inadequate as to make a farce of the trial," *Root* v. *Cunningham,* 344 F. 2d 1, 3 (1965), found that the representation which had been provided to defendant was adequate for constitutional purposes. The Court of Appeals for the Fourth Circuit expressly disavowed the test used in *Root,* adopted a new test requiring "representation within the range of competence demanded of attorneys in criminal cases," and applied this new standard to reverse the District Court. Thus, the choice of standard was determinative of the outcome of this case. Moreover, the Court of Appeals focused on a relatively discrete problem in the conduct of the trial, so that analysis of the adequacy of representation will not require inquiry into all aspects of the preparation and handling of the case.

The decisions of this Court recognize that the right to counsel is fundamental to a fair trial. *Gideon* v. *Wainwright,* 372 U. S. 335 (1963); *Powell* v. *Alabama,* 287 U. S. 45, 68–69 (1932); and, in the last analysis, it is this Court's responsibility to determine what level of competence satisfies the constitutional imperative. It also follows that we should attempt to eliminate disparities in the minimum quality of representa-

tion required to be provided to indigent defendants. In refusing to review a case which so clearly frames an issue that has divided the Courts of Appeals, the Court shirks its central responsibility as the court of last resort, particularly its function in the administration of criminal justice under a Constitution such as ours.

I respectfully dissent.