Edward Junior JENNINGS, Petitioner,

v.

Robert S. ZAHRADNICK, Respondent.

Civ. A. No. 77–0055–L.

United States District Court,
W. D. Virginia,
Lynchburg Division.

Aug. 23, 1978.

Robert H. Gray, Jr., Appomattox, Va., for petitioner.

Jim L. Chin, Asst. Atty. Gen., Richmond, Va., for respondent.

MEMORANDUM OPINION

TURK, Chief Judge.

Petitioner seeks habeas corpus relief pursuant to 28 U.S.C. § 2254. The petitioner

asserts that he was ineffectively assisted by counsel in proceedings culminating in petitioner's conviction on charges of malicious wounding. He further asserts that his plea of guilty to the charges was entered involuntarily.

## I

In June of 1969, the Grand Jury for the Circuit Court of the County of Appomattox returned an indictment charging petitioner, Edward Junior Jennings, with malicious wounding. Such offense was punishable by a maximum of twenty years imprisonment. At his trial on July 31, 1969, petitioner was represented by court-appointed counsel. After entry of a guilty plea by the defendant, the court proceeded to receive evidence in support of the plea. Upon conclusion of the Commonwealth's evidence, defendant, by way of counsel, waived the opportunity to present evidence regarding the plea. The Commonwealth's Attorney then made a statement describing the heinous circumstances of the offense. After summarizing the wanton nature of the crime, the Commonwealth's Attorney recommended the maximum sentence of twenty years. The court then called upon court-appointed defense counsel for a statement, to which counsel responded as follows:

"If your honor please, I have discussed this with [the Commonwealth's Attorney] and I have discussed it with the defendant and I agree that this is a very serious offense. The defendant has plead guilty to it and I have explained the entire sentence to him and under the circumstances I feel that this sentence is acceptable to the defendant". Transcript of Circuit Court Proceedings of July 31, 1969, at 37.

The court pronounced judgment and sentence, commenting as follows:

". . . based upon your plea of guilty, coupled with the testimony that has been heard, along with the recommendation of the Commonwealth Attorney, which is in accord with the thinking of your counsel,

it is the judgment of the court that you are guilty as charged in the indictment of malicious shooting and wounding and further upon recommendation of the Commonwealth Attorney, I sentence you to serve twenty years in Virginia State Penitentiary". Transcript of Circuit Court Proceedings, at 37–38.

Subsequently, Mr. Jennings sought state habeas corpus relief from the conviction. After an evidentiary hearing in the Circuit Court of Appomattox County on April 25, 1975, the writ was denied. Petitioner's appeal from this ruling was denied by the Supreme Court of Virginia on December 22, 1975. The Commonwealth concedes that petitioner has fully exhausted his available state remedies as to all contentions raised in the instant petition which was filed in this court on July 11, 1977.

Stated in light of the relevant background petitioner's contentions can now be summarized into several components. Throughout the state and federal proceedings, petitioner has maintained that he had been told by his counsel that the Commonwealth's Attorney would recommend a sentence of twenty years, fifteen to be suspended, in exchange for a plea of guilty. Petitioner further asserts that defense counsel failed to properly explain the alternate trial strategies that might have been employed. Because of these circumstances, petitioner urges that the plea of guilty he eventually entered was made involuntarily and without an understanding of the ramifications. He notes that at the time of the trial, he was only eighteen years of age and had achieved only a fourth grade education. Finally, petitioner observes that the trial record fails to demonstrate that his plea was made intelligently and with knowledge of the consequences.[1] The court notes that, other than for defense counsel's statement that he discussed the plea with petitioner, there is no indication that the trial judge satisfied himself as to the voluntariness of the plea. No actual discourse with defendant took place.

1. Petitioner was convicted almost two months after the decision of the United States Supreme

Court in *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

As a second ground for relief, petitioner alleges that he received ineffective assistance from counsel throughout the development of his case and particularly through defense counsel's failure to respond to the Commonwealth's recommendation for the maximum sentence. In support of this allegation, petitioner again asserts that defense counsel failed to provide proper information regarding alternate trial tactics. Moreover, petitioner states that counsel misinformed, or at least confused him as to the Commonwealth's Attorney's position on a possible plea bargain. Finally, petitioner urges that defense counsel's failure to offer any evidence or argument in mitigation of punishment obviously manifested the absence of loyalty and faithful service as was due any criminal defendant in such circumstances.

## II

■ In *Marzullo v. Maryland,* 561 F.2d 540 (4th Cir., 1977), the United States Court of Appeals for the Fourth Circuit took explicit departure from the "farce and mockery" test which had long governed the determination of adequacy of defense counsel in this circuit. See, e. g., *Root v. Cunningham,* 344 F.2d 1 (4th Cir., 1965). While the departure had been foreshadowed [see *Coles v. Peyton,* 389 F.2d 224 (4th Cir., 1968)], the Fourth Circuit took the occasion in *Marzullo* to state the applicable rule in terms of the normal range of competency evaluation which had been enunciated by the United States Supreme Court in *McMann v. Richardson,* 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). Employing what is undoubtedly a more rigorous standard, this court is now required to compare the legal services rendered in the instant case to the range of competence normally demanded of attorneys in criminal cases.

■ After reviewing all the circumstances and the testimony offered in this matter, the court is constrained to conclude that the legal services provided by the court-appointed defense counsel fail to meet the level of competence for services normally rendered in such situations. In reaching this conclusion, the court does not necessarily hold that defense counsel failed to either adequately investigate the case or satisfy himself that petitioner had no viable defense to the charges. Indeed, other than for his response to the Commonwealth's recommendation for maximum sentence, to be discussed *infra,* there was no single component of the proceeding to which counsel responded in a patently negligent or ignorant manner. However, when the proceeding is reviewed in its entirety, counsel's advice to petitioner can only be viewed as inconsistent and ineffectual.

At the time of the trial, petitioner was only eighteen years of age and relatively uneducated. By necessity, his only understanding of the legal ramifications of the potential trial strategies came through the person of his court-appointed attorney. There is no doubt that defense counsel recommended a plea of guilty. The attorney's testimony in the subsequent habeas hearings indicates that he counseled for a guilty plea based on his notion that the crime was so inflammatory and so indefensible as to preclude any possibility that a jury would do other than convict and give the maximum twenty year sentence.[2] At the state habeas hearing, conducted on April 25, 1975 in the Circuit Court for the County of Appomattox, the court-appointed defense attorney specifically testified as follows:

"[Petitioner] knew very well what the jury trial was because I told him it was a type of case that, in my mind, wouldn't be good—to try it before a jury. *I would rather take my chances before the Judge and he agreed with me according to what he told me.*"

(Emphasis added). Transcript of State Habeas Hearing at 56.

---

**2.** In Virginia, an accused who pleads not guilty may waive a jury trial and be tried by the court only with the concurrence of the Commonwealth's Attorney, and of the court, entered of record. Section 19.1–192, Code of Virginia (1950), as amended. Upon a trial by jury, the jury renders sentence. Section 19.1–291, Code of Virginia (1950), as amended. At the state habeas hearing, the defense attorney stated that he had been told by the prosecutor that upon a plea of not guilty, the Commonwealth would demand a jury trial.

Counsel further testified that when plea negotiations broke down on the morning before the trial, defendant indicated that he wished to get the matter over as quickly as possible.

Even assuming that petitioner understood all the nuances of the various trial strategies as explained by his attorney, petitioner could not have foreseen that his attorney would view a plea of guilty as an acquiescence to imposition of maximum sentence. When told by his counsel that a plea of not guilty would be futile, it is neither remarkable nor particularly noteworthy that petitioner responded by voicing a desire to terminate the matter as quickly as possible. Indeed, inasmuch as his attorney had expressed the opinion that a jury would undoubtedly convict and render the maximum sentence, petitioner had every reason to expect that by choosing not to undertake the gamble inherent in a jury trial, he was still maintaining the possible advantage and opportunity of convincing the court that a lesser sentence might be appropriate. There is absolutely no indication that petitioner directed his attorney, either explicitly or implicitly, to waive all argument in mitigation of punishment. Yet that is exactly what the attorney did. Such waiver was totally inconsistent with all the reasoning employed by defense counsel in recommending a guilty plea.

Even assuming that counsel was laboring under the impression that he had been instructed to end the proceeding as quickly as possible and at all costs, counsel still had an affirmative obligation to represent his client's interests. Competent counsel simply do not terminate their role as an advocate based solely on the wish of a frightened and uneducated young man to end an unpleasant experience as soon as possible. This is not an example of a tactical error which later proves to have arisen out of poor professional discretion. Rather, the decision to forego all advocacy in support of mitigation demonstrates the total absence of any representation. Obviously, defense counsel's role does not terminate immediately upon a guilty plea, unless relieved by the court, despite any impression conveyed to counsel by his client.

It is no answer for respondent to assert that no evidence in support of mitigation was presented because no such evidence was ever made known to counsel by petitioner. Petitioner had no particular reason to even know when arguments on the sentence would take place, let alone what factors might be considered relevant by the judge. Moreover, defense counsel did not remain mute when asked by the presiding judge for comments. The court now directs its attention to the statement actually made by the court-appointed defense attorney.

The statement of defense counsel, set forth in its entirety *supra,* took only a few seconds. As related previously, counsel chose not to present any considerations favorable to defendant. Moreover, in responding to the demand of the Commonwealth for the maximum sentence, counsel undertook to state that he felt "this sentence is acceptable to the defendant". Counsel may well have explained to petitioner that the maximum sentence was a likely possibility. However, there is absolutely no indication that petitioner ever agreed that such sentence was "acceptable". Petitioner's purported desire to end the proceeding quickly can scarcely be viewed as license for defense counsel to concur in the sentencing recommendation of the Commonwealth's Attorney. Viewed in any light, counsel's statement constituted representation falling far below the normal standard. Indeed, the court cannot help but notice that counsel's entire statement to the court is strikingly characterized by the use of the personal pronoun "I". Counsel stated that "I agree that this is a very serious offense" and "I feel that this sentence is acceptable to the defendant". Did counsel's statement reflect defendant's position or his own? In pronouncing sentence, the trial judge informed the defendant that disposition was based on several factors, including the "recommendation of the Commonwealth, which is in accord with the thinking of your counsel". Obviously, petitioner received assistance from counsel which was not only ineffectual but also blatantly dys-

functional. Moreover, by choosing to present in open court what must be viewed as his personal opinion of the offense, the defense attorney cast a long and distinct shadow of doubt as to the efficacy of his representation in counseling petitioner to enter a guilty plea. After hearing the comments of his attorney, petitioner could not have helped but have second thoughts about the advice he had received.

### III

The court has concluded that the defense counsel's representation of the instant petitioner fell far below the range of competence demanded by attorneys in criminal cases. Given such disposition, the court finds it unnecessary to consider petitioner's claim that his plea was made involuntarily. Inasmuch as petitioner was denied effective legal assistance, the writ must issue.