No. 81–6463. ROMERO v. UNITED STATES. C. A. 2d Cir. Certiorari denied.

JUSTICE WHITE, dissenting.

This petition seeks review of the Second Circuit's minimum standard of competence for an attorney to satisfy the Sixth Amendment's requirement that a defendant receive effective assistance of counsel. More than 30 years ago, the Second Circuit formulated what has become known as the "farce and mockery" test: "A lack of effective assistance of counsel must be of such a kind as to shock the conscience of the Court and make the proceedings a farce and mockery of justice." *United States* v. *Wight,* 176 F. 2d 376, 379 (1949), cert. denied, 338 U. S. 950 (1950). Since that time, every other Federal Court of Appeals has adopted a "reasonable competence" standard or some variation thereof. *United States* v. *DeCoster,* 159 U. S. App. D. C. 326, 331, 487 F. 2d 1197, 1202 (1973); *United States* v. *Bosch,* 584 F. 2d 1113, 1121 (CA1 1978); *Moore* v. *United States,* 432 F. 2d 730, 736 (CA3 1970); *Marzullo* v. *Maryland,* 561 F. 2d 540, 543 (CA4 1977), cert. denied, 435 U. S. 1011 (1978); *Akridge* v. *Hopper,* 545 F. 2d 457, 459 (CA5), cert. denied, 431 U. S. 941 (1977); *United States* v. *Toney,* 527 F. 2d 716, 720 (CA6 1975), cert. denied *sub nom. Pruitt* v. *United States,* 429 U. S. 838 (1976); *United States ex rel. Williams* v. *Twomey,* 510 F. 2d 634, 641 (CA7), cert. denied, 423 U. S. 876 (1975); *Reynolds* v. *Mabry,* 574 F. 2d 978 (CA8 1978); *Cooper* v. *Fitzharris,* 586 F. 2d 1325, 1328 (CA9 1978), cert. denied, 440 U. S. 974 (1979); *Dyer* v. *Crisp,* 613 F. 2d 275, 278 (CA10) (en banc), cert. denied, 445 U. S. 945 (1980). Despite the rejection of the "farce and mockery" standard by the rest of the Nation's federal courts, the Second Circuit has remained steadfast in its adherence to the test. Indeed, it has "reaffirmed this standard numerous times." *Rickenbacker* v. *Warden,* 550 F. 2d 62, 65 (1976) (citing cases).

In this case, a panel of the Second Circuit has applied the "farce and mockery" test in rejecting petitioner's claim that

he was denied effective assistance of counsel. Petitioner's contention of ineffective assistance is not frivolous. His trial attorney failed to offer exculpatory testimony given at a suppression hearing and failed to call witnesses to testify at trial who exonerated petitioner at the hearing. Perhaps the performance of petitioner's counsel satisfied the more exacting standard that the Court of Appeals has rejected, but there was no holding to that effect, and that question should be answered by the Court of Appeals after the level of minimum competence required by the Sixth Amendment has been determined by this Court. Unfortunately, despite conflicts among the Courts of Appeals, we have long refused to consider whether the "farce and mockery" test satisfies the constitutional imperative of effective assistance of counsel, or to otherwise clearly articulate what level of effectiveness is required by the Constitution. A more fundamental question to the administration of criminal justice in the state and federal courts can scarcely be envisioned. I have previously argued that the Court should review this issue, *Maryland* v. *Marzullo,* 435 U. S. 1011 (1978) (WHITE, J., joined by REHNQUIST, J., dissenting from the denial of certiorari), and I remain of that view.

I respectfully dissent.